*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.

SYMONDS, J., concurred in the result.

---

ALTON M. WADLEIGH *vs.* INHABITANTS OF MOUNT VERNON.

Kennebec. Opinion April 5, 1883.

*Ways. Stat. 1877, c. 206. Notice. Evidence.*

Upon a reasonable construction of the phrase, "specifying the nature of his injuries" in stat. 1877, c. 206, requiring a notice to be given by one injured by reason of a defect in a highway, the plaintiff is not confined in his declaration and proof to the precise statement of his injuries contained in his notice. Results may have followed, not anticipated at the time the notice was given.

Where such a notice specifies among other things that the plaintiff was "violently shaken up and jarred in his fall to the ground," it is sufficiently specific to include all the injuries to his person which resulted therefrom.

ON EXCEPTIONS and motion to set aside the verdict, from superior court.

An action to recover damages sustained by the plaintiff by an injury to his person and to his horse, caused by a defect in a way in the town of Mount Vernon.

The accident occurred September 30, 1879 ; the writ was dated June 1, 1880; the plea was general issue, and brief statement denying that the defendants had notice of the defect, and alleging that no legal notice was given of the injury and defect, and claim for damages, and that the plaintiff had knowledge of the alleged defect before the date of the alleged injury.

The following is a copy of the notice given by the plaintiff to the defendants in compliance with stat. 1877, c. 206 :

"To the town officers of the town of Mount Vernon, in the county of Kennebec, and state of Maine.

"You are hereby notified that I, Alton M. Wadleigh, of Belgrade, on the thirtieth day of September, A. D. 1879, at about the hour of six and one-half o'clock in the afternoon of that day, was thrown violently from his carriage, to wit : wagon, and seriously injured in the thigh, and internally injured in his right lung, and otherwise injured, by being violently shaken up and jarred in his fall to the ground, caused by his horse stepping into a defect, to wit : a hole in the highway at the small water course which crosses the bog road at a point about seventy-five rods easterly from the Ingraham brook bridge in said Mount Vernon ; said defect being a hole in the middle of said bog road at said water course, about four feet long, two to three feet deep, and four to eight inches wide ; his horse was also at same time violently thrown to the ground, and received serious injury in the right fore leg, and foot, and shoulder, for which injury to himself and horse, the said Alton M. Wadleigh claims the sum of five thousand dollars ($5000) damages therefor. And you are hereby notified to settle and make payment of the same forthwith, October 6, 1879.　　　　　　　Alton M. Wadleigh,
　　　　By E. W. Whitehouse, his attorney."

The verdict was for the plaintiff for $254.20.

The material facts are stated in the opinion.

*E. W. Whitehouse*, for the plaintiff.

*Bean and Beane*, for the defendants, contended that a notice specifying the nature of an injury to the person, should name the organs or parts of the body injured, as was done in this case by

naming the thigh and lung.  It is to enable the town officers to investigate and ascertain the facts.

The principal personal injury for which the plaintiff claimed to recover at the trial, was not named in the notice, nor in the plaintiff's declaration..  Of such an injury the defendants had no notice nor intimation.  Evidence of such an injury did not sustain any allegation in plaintiff's declaration and should have been excluded.

BARROWS, J.    The only point insisted on in the exceptions is, the objection to the admission of testimony respecting an injury to one of the plaintiff's testicles, offered and admitted under a declaration, alleging among other things that he was "thrown violently to the ground and received severe contusions, bruises and injuries about his head, side, chest, thighs, legs and arms, and was severely injured internally, from effects of which injuries he . . . has suffered much, both in body and mind . . . and has been rendered permanently disabled in his body," &c. and under a written notice seasonably given to the municipal officers, setting out among other things that he was "thrown violently from his wagon and seriously injured in the thigh, and internally injured in his right lung, and *otherwise injured* by being violently shaken up and jarred in his fall to the ground."  We think the testimony was admissible, and the objection cannot be sustained.    It is true that the cases of *Blackington* v. *Rockland,* 66 Maine, 332, and *Bradbury* v. *Benton,* 69 Maine, 194, arose under the statute of 1874, c. 215, and that other provisions respecting the notice to be given by the injured party, have been superadded by the statute of 1877, chapter 206.   The time within which the notice of the claim shall be given has been shortened.   It must now be in writing, and it must include a notice of the nature and location of the defect, causing the injury.  But so far as the objection here made is concerned, there has been no change.    Then, as now, the injured party was required to give a notice "specifying the nature of his injuries."    The doctrine and reasoning of the court in those cases apply still to

the point here raised, and we think they justify and require the overruling of these exceptions. The declaration is comprehensive enough to warrant the introduction of proof of any bodily injury resulting from his being "violently shaken up and jarred in his fall to the ground." It is not necessary to detail all the results thence accruing in the declaration, nor in the notice. The medical and other testimony may be considered as fairly establishing the fact that the varicocele was one of the results produced by the jar and shock of the fall, and so embraced in the terms of the declaration and notice, and coming within the reasonable construction of the statute requirement adopted in the cases above referred to. The reasoning applies all the more forcibly now that the notice must be given within fourteen days after the accident.

Under the motion for a new trial it is claimed that the verdict is against the evidence upon the questions of actual notice to either of the town officers named in the statute, of the existence of the defect twenty-four hours before the occurrence of the accident, and notice to the plaintiff of the condition of the way previous to the time of the injury.

It is easy to see how in the setting up of these two defences, one might tend to neutralize the other. If the condition of the culvert for so long a time prior to the accident, was as bad as described by the witnesses who testify to the notice to the plaintiff (and by many other witnesses, some called by defendants and others by the plaintiff) indicating that travellers there had sheered out of the ordinary current of travel, it will be readily seen how the jury might be led to disbelieve the road surveyor of the district when he swore that he was often over the road during that season, and for the last time within two weeks before the accident, and yet noticed no defect, and did not even know that there was a culvert there, until called upon to go down and repair it the day after the accident.

Moreover there was testimony coming from inhabitants of the defendant town, tending to show that the attention of both the road surveyor and one of the selectmen had been called to the place as needing repairs by others, so that it did not rest purely

upon the opportunity they had had of observing the condition of the way in passing over it.

Upon both the points here presented the testimony was so· positively and directly conflicting that the case must have turned upon the opinion which the jury entertained of the veracity of the witnesses. We find nothing which can be said to demonstrate· with much force that they erred. It is not sufficient to entitle· the defendants to a new trial, that the court might come to a different conclusion from that reached by the jury. The jury· saw and heard the witnesses. They were drawn from the vicinage· and commissioned to decide the facts, because it is assumed by the law that they are less liable to mistake in passing upon the· credibility of witnesses and testimony. The defendants must abide by their decision.

*Motion and exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS,. JJ., concurred.