JOSEPH MARCOTTE *vs.* CITY OF LEWISTON.

Androscoggin.    Opinion May 29, 1900.

*Way.   Defect.   Notice.   Pleading.   R. S., c. 18, § 80.*

In an action brought to recover damages for an injury to plaintiff's horse, caused by an alleged defect in a highway in defendant city, within fourteen days after the accident, the plaintiff gave written statute notice of it to the municipal officers of the city in which it was stated to have occurred on February 12, 1898, and the declaration alleged the same date. At the trial the plaintiff offered evidence tending to show that the accident occurred on the thirteenth instead of the twelfth. This evidence was excluded and the plaintiff excepted.

*Held;* that the evidence should have been admitted.

The notice having been given within fourteen days after the injury, as required by statute, the mistake in the date of the accident did not vitiate the notice and render it inoperative.

ON EXCEPTIONS BY PLAINTIFF.

The case appears in the opinion.

*M. L. Lezotte; H. W. Oakes, J. A. Pulsifer and Forest E. Ludden,* for plaintiff.

Counsel cited: *Blackington* v. *Rockland,* 66 Maine, 332; *Bradbury* v. *Benton,* 69 Maine, 194; *Wadleigh* v. *Mt. Vernon,* 75 Maine, 79; *Low* v. *Windham,* 75 Maine, 113; *Noonan* v. *Lawrence,* 130 Mass. 161; *Spellman* v. *Chicopee,* 131 Mass. 443; *Donnelly* v. *Fall River,* 132 Mass. 299; *Cronin* v. *Boston,* 135 Mass. 110; *Canterbury* v. *Boston,* 141 Mass. 215; *Savory* v. *Haverhill,* 132 Mass. 324; Buswell Personal Injuries, § 186; *Burghardt* v. *Van Deusen,* 4 Allen, 374; *Perry* v. *Botsford,* 5 Pick. 189; *Cunningham* v. *Kimball,* 7 Mass. 65; *Hastings* v. *Lovering,* 2 Pick. 214; *Little* v. *Blunt,* 16 Pick. 359; *Holt* v. *Penobscot,* 56 Maine, 15; *Liffin* v. *Beverly,* 145 Mass. 549; *Kaler* v. *Tufts,* 81 Maine, 63; *Chapman* v. *Nobleboro,* 76 Maine, 427; 16 Am. & Eng. Ency. Law, p. 792; *Rogers* v. *Shirley,* 74 Maine, 144; *Smiley* v. *Merrill Plantation,* 84 Maine, 322; *Hutchings* v. *Sullivan,* 90 Maine, 131; *Master* v. *Troy,* 50 Hun, 485.

*H. E. Holmes*, for defendant.

The intention of the statute is evidently to protect the town by requiring the party complaining to put the town in possession of the necessary facts for a full enlightenment on what claim it is required to meet. The numerous cases which have interpreted this statute requirement of written notice show this plainly. ·

No objection was made to the plaintiff's amending his declaration, which alleged that the accident took place on the 12th of February; but the objection is to his amending his notice to the municipal officers, or, what amounts to the same thing, introducing evidence of an accident happening on the 13th of February.

Under the Massachusetts statute which required the party complaining to set forth in his notice the "time, place and cause" of the accident, the court held the time of the accident to be as essential as the place and cause; and stated that the reason why the plaintiff is bound to be specific, as to time as well as to cause and place, is in order that the notice may be of substantial assistance to the proper authorities in investigating the question of their liability. *Noonan* v. *Lawrence*, 130 Mass. 161; *Donnelly* v. *Fall River*, 132 Mass. 299; *Cronin* v. *Boston*, 135 Mass. 110.

It is a hardship on the defendant to be obliged to meet a case materially different from what is expected from the notice which it received.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, WISWELL, STROUT, JJ.

STROUT, J.   Action to recover for injuries caused by a defective way.   Within fourteen days after the accident plaintiff gave written notice to the defendant, in accordance with R. S., c. 18, § 80.   This notice was served on February 23rd.   In the notice the injury was stated to have occurred on February 12, 1898, and the declaration alleged the same date.   At the trial, plaintiff offered evidence tending to show that the accident occurred on the thirteenth, instead of the twelfth.   This evidence was excluded, and a verdict ordered for defendant.   Plaintiff has exception.

Did this error in the date of the accident defeat the action? We think not. The cause of action was complete, if this was a defective way, of which defendant had twenty-four hours previous notice, and an injury was received thereby while plaintiff was in the exercise of due care, and without fault on his part. The date of the accident is in no sense an element. The statute is remedial, and to be construed and applied as such. The right to the remedy accrues when the injury is received—but to protect towns against possible fraud and stale claims, where opportunity for investigation may be lost, and discovery of evidence difficult, the statute requires the party, within fourteen days after its occurrence, to give written notice to the municipal officers, "setting forth his claim for damages, and specifying the nature of his injuries, and the nature and location of the defect which caused such injury." The manifest purpose of this requirement is to afford opportunity to the town officers to examine the place, ascertain from persons having knowledge of the facts, while the recollection is fresh, all the attending circumstances, and determine as to the liability of the town, and prepare its defense, if the town officers decide to defend. *Blackington* v. *Rockland,* 66 Maine, 332; *Wadleigh* v. *Inhs. of Mount Vernon,* 75 Maine, 79; *Low* v. *Windham,* 75 Maine, 113.

For all these purposes it is immaterial on what day the accident occurred. Nothing in the statute requires statement of the day. The notice must be given within fourteen days. If given within that limit, it will be sufficient, if no specific day is named. The plaintiff is allowed that time to ascertain the precise location and character of the defect, and the nature and extent of his injury, and to state them on paper—and the investigation of the town officers should cover the same range. The court would not be justified in importing into the notice a requirement, not in the statute, which is not of the essence of the right and is unimportant to the town.

It is quite easy, in reckoning back fourteen days, to make an error of one day, and it seems a hardship to deprive a party of all remedy because of such mistake. Plaintiff could have no object

intentionally to misstate, and it is inconceivable that in any investigation the town might make of the occurrence, it would fail to discover the facts as they were on the thirteenth, even if they were inquiring of the twelfth.

In indictments for crime, the offense must be alleged of a particular day—but except when time is an element in the crime, it may be proved upon any other day within the statute limitation. The same is true in all civil pleading. Is there any reason why this notice should be held bad, because of mistake of a single day, where there is no evidence nor any probability that the town was thereby misled, to its injury?

The notice in this case concludes, "this notice is given before the expiration of fourteen days since the accident," which would be a compliance with the language and purpose of the statute, without a specific date.

While this court has held that the notice should contain a particular description of the location and character of the defect in the way, and the nature of the injuries suffered, it has never held that it was necessary to state the day or the hour of the accident. To do so would impose upon the injured party a duty not imposed by the statute, nor within its reason and purpose, and might defeat a meritorious suit by a technicality not necessary or important to the rights of the parties. The notice must "set forth his claim for damages," but it need not state the amount claimed. *Morgan* v. *Lewiston*, 91 Maine, 571.

Notwithstanding the date of the twelfth in the notice and in the declaration, it was competent for the plaintiff to show that the accident occurred on the thirteenth.

The evidence should have been admitted.

*Exceptions sustained.*