MARGARET E. COWAN *vs.* INHABITANTS OF BUCKSPORT.

Hancock.  Opinion December 16, 1903.

*Evidence,* Exceptions to admission. Grounds of objection to be stated at trial.
*Way,* Injury from defect. Notice of claim and description of defect.
*Pleading,* Variance.

1. A party objecting to the admission of evidence offered in the trial of a cause must state at the time the ground of his objection, and upon exceptions to a ruling admitting the evidence, he is confined to the ground stated.

2. Where the written notice of an injury received upon a highway, required by the statute R. S. (1883), c. 18, § 53, is offered in evidence and is objected to on the ground of the insufficiency of its contents, no other ground being stated, that ground only can be considered at the hearing on the exceptions.

3. *Held;* that the written notice in this case contains enough to satisfy the statute and the exceptions must be overruled.

4. The location of the defect was stated in the written notice, as, "at the corner of Main and Hincks Streets in front of the dwelling-house of Calvin O. Page." The evidence was of a defect on Main Street twenty or thirty feet from Hincks Street, but in front of the dwelling-house of Calvin O. Page. The evidence sufficiently corresponded with the notice.

5. A witness described the defect as a rock raised some eight inches above the surface in the traveled part of Main Street about eighteen or twenty feet from Hincks Street, and testified that he told the road commissioner of the town, "there was a rock there." This was evidence from which the jury could rightfully infer that the road commissioner had notice of the defect described.

6    In the plaintiff's declaration the only allegation of notice was notice to the municipal officers. The only evidence of notice was notice to the road commissioner. No objection of variance was made at the trial, however, and hence it cannot avail the defendant on his motion for a new trial, since an amendment to the declaration can be allowed to conform to the evidence.

7.   Where it was assumed at the trial that the written notice which was actually given was given within the statutory time, fourteen days, and there was no evidence that it was not and no objection to lack of positive evidence as to time was made at the trial, *held;* that the objection comes too late after verdict.

Motion and exceptions by defendant. Overruled.

Case for injuries sustained by the plaintiff through a defective street in Bucksport, and in which the jury gave a verdict of $900 to the plaintiff.

The facts appear in the opinion.

*T. B. Towle; T. H. Smith; W. R. Pattangall,* for plaintiff.
*O. F. Fellows and O. P. Cunningham,* for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, JJ.

EMERY, J. There was evidence sufficient to warrant the jury in finding that while the plaintiff was riding in a pung with all due care upon a highway, which the defendant town was bound to keep in repair, the pung came in contact with a stone or rock which constituted a defect in the highway, by which collision she was injured. The only matters now relied on by the defendant town after verdict, as barring the plaintiff's right of recovery, are those relating to the notices required by the statute upon which the action is based.

I.   Exception is taken to the admission in evidence of the written notice given after the injury, upon the ground of its insufficiency. No other ground of exception was stated at the time and hence the exception only raises the question whether the written notice contained all that the statute requires. We think it does. In it are set forth "her claim for damages," and are specified "the nature of her injuries and the nature and location of the defect which caused the injury." The exceptions therefore must be overruled.

II.  Upon a motion for a new trial, the defendant claims that the evidence showed the matters contained in the notice to have been incorrectly stated, particularly as to the location of the defect.  That location is stated in the notice to have been "at the corner of Main and Hincks Streets in front of the dwelling-house occupied by Calvin O. Page."  The evidence showed it to have been on Main Street from twenty to thirty feet from Hincks Street.  It was, however, in front of the dwelling-house of Calvin O. Page, and no other similar defect was shown to have existed at the corner of the two streets.  We think the notice sufficiently indicated the location of the defect proved.  The evidence also substantially supports the other statements in the notice.

III.  It is further claimed there was not sufficient evidence that any statutory officer of the town had actual notice of the defect twenty-four hours before the injury.  A witness, Mr. Chandler, described the defect as a rock raised some eight or ten inches above the surface in the traveled part of Main Street about 18 or 20 feet from Hincks Street.  Being asked whether he ever gave notice of the rock to any official of Bucksport, he answered "I told Mr. Snowman there was a rock there."  This was more than twenty-four hours before the injury and Mr. Snowman was then road commissioner of Bucksport.  We think this sufficiently imports that actual notice was given Mr. Snowman that there was a rock in the traveled part of Main Street about 18 or 20 feet from Hincks Street, and hence that he had actual notice of the rock which caused the injury.  It was not necessary that he be told the rock was a defect in the street.  Notice of the thing which constitutes the defect is notice of the defect.

This testimony of Mr. Chandler, as to the notice to Snowman, was flatly contradicted by Snowman and other witnesses for the defense, but it was for the jury to decide who was correct.

IV.  Another point urged by the defendant is that in her declaration the plaintiff alleged that the municipal officers of the town had the previous notice of the defect and that, at the most, she has only proved notice to the road commissioner, an officer not named in the

declaration. In other words, the town claims there was a variance between the allegation and the proof.

This point, however, should have been made at the trial by objection to the admission of the evidence of the notice to Snowman, and again by requesting an instruction that there was no evidence of notice to any of the officers named in the declaration. The objection now urged, for the first time, does not go to the merits of the case itself, even upon the matter of notice, as there was evidence of sufficient notice to satisfy the statute. Had the point been made at the trial, the declaration could have been amended to correspond with the evidence even after verdict. The law court, also, upon a motion for a new trial can authorize an amendment to cure a variance, and so sustain a verdict otherwise sustainable.

V. Lastly, the point is made that there was no evidence that the subsequent written notice first above described was given within fourteen days after the injury, as required by the statute. There was no direct, explicit evidence of the time of giving the notice, but the plaintiff claims that it was sufficiently admitted to have been within the statutory time of fourteen days. At the close of the evidence for the plaintiff her counsel said: "We offer a copy of the fourteen days notice. I understand that, without admitting that it is a complete notice, it is admitted that the town officers received a copy like this one we offer." The defendant's counsel said: "I understand that the town officers received a copy of that notice. I object to the notice, to the sufficiency of it." The copy was admitted, the exception noted, and the plaintiff's case closed.

It is clear that the notice was given, and we have above held that it was sufficient in its statements. There was no evidence or suggestion at the trial that the notice was not received within the fourteen days. Must the verdict now be set aside, and the parties and the court subjected to the burden of another trial of the case, because it was not more explicitly or precisely stated in the colloquy over the notice that it was received within fourteen days? We think not. We think the point now made is within the category of points to be made at the trial, or to be considered as waived. It was not made at the

trial and no intimation was given that it would be made. Had it been made at the trial and sustained, the plaintiff would either have supplied the evidence or submitted to an adverse verdict. If not sustained, the defendant could have excepted and thus regularly and seasonably brought the question here. The point, not having been made at the trial, cannot be sustained here, even if it be otherwise sustainable.

The plaintiff may amend her declaration as herein indicated without terms, and when so amended the certificate of decision will be,

*Exceptions and motion overruled.*