## MELVINA HUNTINGTON *vs*. CITY OF CALAIS.

## Washington.    Opinion February 18, 1909.

*Municipal Corporations.  Defective Ways.  Notice of Injury.  Municipal Officers.*
*Evidence.   Private and Special Laws, 1883, chapter 325, section 11.*
*Revised Statutes, chapter 1, section 6, rule XXV;*
*chapter 13, section 76.*

The liability of cities and towns for damages sustained by travelers by reason of defects in highways is created solely by the legislature and all of the conditions and limitations upon which the remedy is granted must be strictly observed as prescribed by the statute, R. S., chapter 23, section 76.

The duty imposed upon the person injured to "notify one of the municipal officers" within fourteen days thereafter is absolute and imperative. The statute is not merely directory; it is mandatory.  Such notice is a condition precedent to a plaintiff's right of action.

When a person seeks to recover of a city or town for damages sustained by reason of a defect in a highway, it must affirmatively appear that such person or some one in his behalf notified " one of the municipal officers " of his injury within fourteen days thereafter in the manner specified in the statute.

To notify one of a fact is to " make it known to him ;" to "inform him by notice."

Under the provisions of Revised Statutes, chapter 1, section 6, rule XXV, the mayor and aldermen constitute the municipal officers of cities.

While by its charter, Private and Special Laws, 1883, chapter 325, section 11, the city clerk of the city of Calais is made clerk of the board of mayor and aldermen, yet the city clerk does not thereby become one of the municipal officers of Calais.

Where the plaintiff claiming to have sustained a personal injury by reason of an alleged defect in a public street in the city of Calais, gave to the city clerk of Calais the fourteen days written notice required by Revised Statutes, chapter 23, section 76, *Held:* (1) That it did not appear that this notice was ever in any manner brought to the attention of the municipal officers or any one of them.  (2) That there was no presumption either of law or fact that the notice given to the clerk would be brought to the attention of the municipal officers or any one of them within the time stated.  (3) That the statute requires that the information specified in the notice should be actually communicated to one of the municipal officers within the period named, and evidence that the information was given to the city clerk fell short of this requirement.

On exceptions by defendant.   Sustained.

Special action on the case under Revised Statutes, chapter 23, section 76, to recover damages for a personal injury alleged to have been received by the plaintiff through a defect in a public street which the defendant city was bound by law to maintain and keep in repair.   It is assumed that the plea was the general issue and that the verdict was for the plaintiff although the record is silent on both points.   The defendant city excepted to certain rulings of the presiding Justice.

The case is stated in the opinion.

*R. J. McGarrigle,* for plaintiff.

*H. J. Dudley,* City Solicitor, for defendant.

SITTING :   WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

WHITEHOUSE, J.   This is an action on the case to recover damages for a personal injury alleged to have been received by the plaintiff through a defect in a public street which the defendant city was bound by law to maintain and keep in repair.   The action is based on section 76 of chapter 23 of the Revised Statutes, which provides that a person seeking to recover damages for an injury thus sustained "shall within fourteen days thereafter, notify one of the municipal officers of the town, by letter or otherwise, in writing, setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injury."

At the trial the plaintiff attempted to prove a compliance with this requirement of the statute by offering evidence that such "fourteen days' notice" had been given to the city clerk.   This evidence was admitted by the court subject to objection, and thereupon the defendant's counsel requested an instruction that notice to the city clerk was not a compliance with the statute.   The presiding Justice declined to give this instruction and for the purposes of the trial ruled that notice to the city clerk was sufficient.   The case comes to this court on exceptions to this ruling.

The liability of cities and towns for damages sustained by travelers by reason of defects in highways is created solely by the legislature

and all of the conditions and limitations upon which the remedy is granted must be strictly observed as prescribed by the statute. The duty imposed upon the person injured to "notify one of the municipal officers" within fourteen days thereafter is absolute and imperative. The statute is not merely directory; it is mandatory. The notice in question thus becomes a condition precedent to the plaintiff's right of action.

It must therefore affirmatively appear that the plaintiff or some one in her behalf "notified" "one of the municipal officers" of her injury within fourteen days thereafter in the manner specified in the statute. The mayor and aldermen constitute the "municipal officers of cities," R. S., chapter 1, section 6, par. 25, and by the charter of the defendant city (Chap. 325, P. & S. Laws 1883, sec. 11,) the city clerk is made clerk of the board of mayor and aldermen. But the city clerk does not thereby become one of the municipal officers; and there is no evidence in the case that any one of the municipal officers was ever notified of the plaintiff's injury. To notify one of a fact is to "make it known to him:"— to "inform him by notice." It only appears that such a notice was given to the city clerk. It does not appear that it was ever in any manner brought to the attention of the municipal officers or any one of them. It is true that the city clerk is the proper custodian of all papers requiring the consideration of the mayor and aldermen at their regular meetings, but inasmuch as the notice in question must be delivered to one of the municipal officers within fourteen days, and that portion of the time remaining after the receipt of the notice by the city clerk would probably expire in a majority of instances before the next regular meeting of the mayor and aldermen, there is no presumption either of law or fact that such a notice would be brought to the attention of the municipal officers or any one of them within the time stated. The statute requires that the information therein specified should be actually communicated to one of the municipal officers within the period named. Evidence that the information was given to the city clerk obviously falls short of this requirement,

*Exceptions sustained.*