[No. 13611.  Department One.  June 15, 1917.]

## CARL MURRAY et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

APPEAL—PRESERVATION OF GROUNDS—RECORD.  Where the abstract of the record in stating the ground of a motion for judgment conflicts with the transcript, it must be assumed on appeal that the transcript is correct.

EVIDENCE—JUDICIAL NOTICE—DATES.  The court will take judicial notice that the last Sunday in October, 1915, came on the 31st day of the month, and therefore that an accident shown to have occurred on Sunday could not have occurred on October 30th, 1915, as mistakenly alleged and testified to by some of the witnesses.

APPEAL—PRESERVATION OF GROUNDS—OBJECTION TO EVIDENCE—SUFFICIENCY.  An objection that a claim filed against a city was incompetent, irrelevant and immaterial is not sufficiently definite to call attention to the fact that it was not filed within the time required by law; and the same is true of an objection that the claim was "insufficient."

MUNICIPAL CORPORATIONS — CLAIMS — SUFFICIENCY — DATE OF INJURY.  Under Seattle charter, art. 4, § 29, requiring all claims for damages to be filed with the city council within thirty days and to accurately locate and describe the defect that caused the injury, it is not fatal to a claim that it fails to state the exact date upon which the injuries were received, if in fact the claim was filed within the time required and the city was not misled to its prejudice by reason of an incorrect date.

SAME — CLAIMS — PRESENTATION — SUBSTANTIAL COMPLIANCE.  Although the charter requirement that claims against a city to be filed within a specified time is mandatory, a substantial compliance with its terms is sufficient.

MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—ACTIONS—DEFENSES—WANT OF NOTICE—NEGLIGENCE OF CITY.  In an action against a city for personal injuries, want of actual or constructive notice on the part of the city that its wires had fallen and obstructed a street does not warrant a directed verdict in favor of the city, where there was evidence sustaining a recovery on the ground that the city was guilty of negligence in using insufficient poles and maintaining them in a defective condition.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 22, 1916, upon the ver-

[1]Reported in 165 Pac. 895.

dict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through a collision with electric light wires in a city street.   Affirmed.

*Hugh M. Caldwell* and *Frank S. Griffith*, for appellant.

`*Walter S. Fulton*, for respondents.

WEBSTER, J.—This is an action to recover damages for personal injuries.   The material allegations of the complaint are substantially these:   That, on October 30, 1915, at about 12:15 p. m., plaintiffs were driving their automobile south on Eighth avenue northwest, between 73d and 70th streets west, in the city of Seattle; that about 200 feet north of 70th street west, on the west side of Eighth avenue northwest, two electric light wires maintained by the city of Seattle had, through its negligence, been caused to fall and be suspended across Eighth avenue northwest.   The specific acts of negligence charged against the defendant were that, at the point where the wires had fallen, the defendant had them attached to a pole which was wholly insufficient in strength to support them and which was not reasonably adapted to the purpose for which it had been used; that, because of long use of the pole, it had become further weakened by rot and decay and by reason thereof fell, causing the wires to be suspended across the avenue in such manner as to constitute a menace to persons having occasion to use the same; and further, that the defendant negligently and carelessly permitted the wires to remain across the avenue after they had fallen, notwithstanding its officers, agents or employees knew of their condition, or by the exercise of reasonable care and diligence ought to have known thereof; that plaintiffs, without fault on their part, while using the avenue for the purpose of travel, came in contact with the wires, causing the injuries set forth in the complaint; that, on November 30, 1915, plaintiffs caused to be presented to the defendant and filed with the city clerk their duly verified claim for damages, and that more than sixty days had elapsed since the filing of the claim and the

same had neither been rejected nor allowed. Attached to and made a part of the complaint was a copy of the claim, which states that the accident occurred on October 30, 1915. The defendant answered, denying all of the allegations of the complaint and affirmatively pleading contributory negligence on the part of the plaintiffs, which was denied by the reply. Upon these issues the cause was tried, resulting in a verdict and judgment in favor of plaintiffs.

The defendant appeals, setting forth five assignments of error which present two questions for review: (a) Did the court err in admitting in evidence the notice of claim filed with the city clerk; (b) did the court err in denying the defendant's motion for judgment notwithstanding the verdict. At the trial both of the plaintiffs testified that the accident occurred on October 30, 1915, and testimony to the same effect was given by two other witnesses testifying in behalf of plaintiffs. When counsel for plaintiffs offered in evidence the claim for damages filed with the city, the defendant objected to its admission upon the ground that it had not been verified as required by the city charter, and that it was "incompetent, irrelevant, immaterial and insufficient." The objection was overruled and the claim was received in evidence. At the close of plaintiffs' case, the defendant announced that it also rested, and immediately moved the court for an instructed verdict in its favor upon the grounds that no notice, either actual or constructive, of the existence of the obstruction in the street had been brought home to the defendant, and that "the claim allowed in evidence is irrelevant, immaterial, and insufficient." The motion was denied, and the case, under instructions to which no exceptions were taken, was submitted to the jury.

After the verdict had been returned but before it had been filed by the clerk, the defendant moved for judgment notwithstanding the verdict, upon the grounds among others, "(1) that plaintiffs failed to prove that the city had notice, either actual or constructive, of the wires being in the street

or of the pole to which they were attached being blown down," and "(3) that the claim filed with the defendant on November 30, 1915, was not a sufficient claim on which to base an action." At no time during the trial was the specific objection made that the claim had not been filed within the time limited by the city charter, counsel for defendant contenting himself with the objection to the verification of the claim and that same was incompetent, irrelevant, immaterial and insufficient.

The abstract of the record, in setting forth the grounds upon which the motion for judgment notwithstanding the verdict was based, states the third ground in the following language:

"That the claim filed with defendant on November 30, 1915, was not a sufficient claim on which to base an action, *not being filed in time.*"

But by reference to the transcript it is found that the words "not being filed in time" were not included as a part of the third ground of the motion. It must, therefore, be assumed that the transcript rather than the abstract is correct, and consequently it appears from the record that the point that the claim had not been filed in time was not raised in the lower court in any manner.

The objection in the court below that the claim had not been properly verified seems to be abandoned on appeal, as the point is not presented in the briefs. We shall, therefore, not pause to discuss that question. If it be conceded that the accident occurred on October 30, 1915, the claim filed on November 30, 1915, was one day late. *Ehrhardt v. Seattle,* 40 Wash. 221, 82 Pac. 296.

Counsel for plaintiffs, however, insist that the accident actually happened on October 31, 1915, but that, through mistake and inadvertence, the date was stated in the notice of claim and in the complaint filed pursuant to it as October 30, 1915, and that this error ran through the whole case, that date being assumed as correct in propounding questions

to the witnesses. In support of this contention it is called to our attention that, in the cross-examination of the plaintiff Carl Murray, he testified that the accident occurred on Sunday, and that the court should take judicial notice of the fact that there was no Sunday in the month of October, 1915, which fell on the 30th day of that month, the last Sunday in October, 1915, being on the 31st day of the month. It is further urged in behalf of the plaintiffs that, if counsel for the defendant had, at the trial, interposed an objection to the introduction of the claim in evidence upon the ground that it had not been filed in time, the mistake could easily have been explained and corrected, and that, by failing to raise the question at that time, the point should be deemed to have been waived. In addition to the testimony of Carl Murray that the accident happened upon Sunday, the record discloses that Walter R. North also testified that the accident occurred on Sunday and that the defendant immediately sent men to the scene of the accident and repaired the wires. It is perfectly plain from the statement of facts that a mistake was committed either in the date of the accident or in the day of the week on which it occurred. If plaintiffs received the injuries complained of on Sunday, October 31, 1915, the notice filed on November 30, 1915, was timely. The court will take judicial knowledge of the fact that the last Sunday in October, 1915, came on the 31st day of the month, and therefore that the accident could not have occurred on Sunday, October 30, 1915. It is well settled in this state that a general objection to the introduction of evidence upon the ground that it is incompetent, irrelevant and immaterial will not be sufficient to save the point on appeal when such objection is not sufficiently definite and specific to call to the attention of the court the particular point sought to be raised. The purpose of requiring an objection to evidence is to give the court to understand the reason or ground upon which the proffered evidence should be rejected, so as to enable the court to intelligently pass upon the question, to

the end that cases may be tried upon proper evidence and that new trials and reversals on appeal may be avoided. When an objection fails to accomplish this, it falls short of its purpose, and of right should be construed to be no objection whatever. *Seattle v. Hewetson,* 95 Wash. 612, 164 Pac. 234; *Evergreen Farm v. Attalia Land Co.,* 91 Wash. 192, 157 Pac. 487; *State v. Spangler,* 92 Wash. 636, 159 Pac. 810; *Coleman v. Montgomery,* 19 Wash. 610, 53 Pac. 1102; *Liebenthal v. Price,* 8 Wash. 206, 35 Pac. 1078.

We are of the opinion that adding the word "insufficient" to the words "incompetent, irrelevant and immaterial" did not, in this instance, tend in any way toward making the objection more specific. An objection to the claim upon the ground that it is insufficient is not reasonably calculated to call to the court's attention the fact that the point relied upon is that the claim had not been filed in time. Under the charter of the city of Seattle the notice of claim is required to be in certain form and to contain certain specific information, and an objection that it is insufficient merely challenges the form or substance of the claim itself. The point that the claim had not been filed within the time fixed by the charter is in no manner suggested by such an objection. If counsel for the defendant intended to rely upon the point that the claim had not been filed in time, common fairness demanded that he should frankly state his objection to the court. If the point were well taken and presented a situation from which plaintiffs were unable to relieve themselves, no injury could have been suffered by the city. If, upon the other hand, by interposing a veiled and misleading general objection plaintiffs were entrapped into making an involuntary sacrifice upon the altar of technicality, the wisdom and fairness of the rule requiring objections to be specific becomes at once apparent.

In *Cowan v. Bucksport,* 98 Me. 305, 56 Atl. 901, it was held that, where the written notice of injury received upon a highway, required by statute, is offered in evidence and is objected to upon the ground of insufficiency, no other ground

being stated, the objection will not raise the point that the claim had not been filed within the statutory period. In that case counsel for plaintiff said:

"We offer a copy of the fourteen days' notice. I understand that, without admitting that it is a complete notice, it is admitted that the town officers received a copy like this one we offer."

Counsel for defendant replied:

"I understand that the town officers received a copy of that notice. I object to the notice—to the sufficiency of it."

The copy was admitted in evidence and exception noted. Upon appeal it was urged by defendant that it had not been shown that the notice had been received by the town officers within the time fixed by law. The court said:

"We think the point now made is within the category of points to be made at the trial or to be considered as waived. It was not made at the trial and no intimation was given that it would be made. Had it been made at the trial and sustained, the plaintiff would either have supplied the evidence or submitted to an adverse verdict. If not sustained, the defendant could have excepted and thus regularly and seasonably brought the question here. The point not having been made at the trial cannot be sustained here even if it be otherwise sustainable."

In this connection it seems proper to consider the question of whether it would have availed plaintiffs anything had the specific objection been made in the lower court that the claim had not been filed in time. Section 29, art. 4, of the charter of the city of Seattle provides:

"All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued, and no ordinance shall be passed allowing any such claim or any part thereof, or appropriating money or other property to pay or satisfy the same or any part thereof, until such claim has first been referred to the proper department, nor until such department has made its report to the city council thereon, pursuant to such reference. All such claims for damages

must accurately locate and describe the defect that caused the injury, accurately describe the injury, give the residence for one year last past of claimant, contain the items of damages claimed, and be sworn to by the claimant. No action shall be maintained against the city for any claim for damages until the same has been presented to the city council and sixty days have elapsed after such presentation."

It will be seen that, by the terms of the charter, it is not required that the claim itself shall state the time of the occurrence of the accident. It provides merely that the claim shall accurately locate and describe the defect that caused the injury, accurately describe the injury, state the items of damage claimed, give the residence for one year last past of the claimant, and be sworn to by him. It further provides that a claim containing this information shall be presented to the city and filed with the clerk within thirty days after the time when the claim for damages accrued. Under such a charter we think it may well be said that, if the notice of claim contains the required information and is in fact filed within the time specified, it is a literal compliance with the charter. The provisions of the charter do not, either by their terms or by their intendments, require that the claim shall state the date of the accident or that it shall show upon its face that it is filed within thirty days thereafter, and to construe the charter otherwise would be to read into it a provision which the city has not seen fit to incorporate in it. Whatever the rule may be applicable to cases arising under statutes or charters requiring the time of the accident to be stated in the notice, and upon this question we express no opinion, we are convinced that, under a charter such as that now before us, it is not necessarily fatal to the claim if it fails to state the exact date upon which the injuries were received, providing the claim was in fact filed within the time fixed and the city is not misled to its prejudice by reason of an incorrect date being stated.

In the case of *Marcotte v. Lewiston*, 94 Me. 233, 47 Atl. 137, the supreme judicial court of Maine had before it a

question practically identical with the one presented in this case. The statute there before the court required the claimant, within fourteen days after the occurrence of the injury, to give written notice to the municipality, "setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injury." In the notice filed, the injury was stated to have occurred on February 12, 1898, and the declaration alleged the same date. At the trial the plaintiff offered evidence tending to show that the accident actually happened on February 13, instead of the 12th. The evidence was excluded and a verdict ordered for the defendant. In considering the question on appeal the court said:

"Did this error in the date of the accident defeat the action? We think not. The cause of action was complete, if this was a defective way, of which defendant had twenty-four hours' previous notice, and an injury was received thereby while plaintiff was in the exercise of due care, and without fault on his part. The date of the accident is in no sense an element. The statute is remedial, and to be construed and applied as such. The right to the remedy accrues when the injury is received—but to protect towns against possible fraud and stale claims, where opportunity for investigation may be lost, and discovery of evidence difficult, the statute requires the party, within fourteen days after its occurrence, to give written notice to the municipal officers, 'setting forth his claim for damages, and specifying the nature of his injuries and the nature and location of the defect which caused such injury.' The manifest purpose of this requirement is to afford opportunity to the town officers to examine the place, ascertain from persons having knowledge of the facts, while the recollection is fresh, all the attending circumstances, and determine as to the liability of the town, and prepare its defense, if the town officers decide to defend. *Blackington v. Rockland,* 66 Me. 332; *Wadleigh v. Inhabitants of Mt. Vernon,* 75 Me. 79; *Low v. Windham,* 75 Me. 113.

"For all these purposes it is immaterial on what day the accident occurred. Nothing in the statute requires statement of the day. The notice must be given within fourteen days. If given within that limit, it will be sufficient, if no

specific day is named. The plaintiff is allowed that time to ascertain the precise location and character of the defect, and the nature and extent of his injury, and to state them on paper—and the investigation of the town officers should cover the same range. The court would not be justified in importing into the notice a requirement, not in the statute, which is not of the essence of the right and is unimportant to the town.

"It is quite easy, in reckoning back fourteen days, to make an error of one day, and it seems a hardship to deprive a party of all remedy because of such mistake. Plaintiff could have no object intentionally to misstate, and it is inconceivable that in any investigation the town might make of the occurrence, it would fail to discover the facts as they were on the thirteenth, even if they were inquiring of the twelfth.

. . .

"Notwithstanding the date of the twelfth in the notice and in the declaration, it was competent for the plaintiff to show that the accident occurred on the thirteenth."

We are satisfied that the reasoning in this case is sound and that the conclusion reached is in keeping with the spirit of our own holdings.

In *Frasier v. Cowlitz County*, 67 Wash. 312, 121 Pac. 459, this court said:

"The purpose of these provisions, as applied to a claim arising from a tort, is to enable the municipality to investigate both the claim and the claimant while the occurrence is recent and the evidence available, to the end that it may protect itself against spurious and unjust claims. When the claim substantially complies with the legislative requirement and these ends are subserved, the claim has accomplished the purpose intended."

In *Lindquist v. Seattle*, 67 Wash. 230, 121 Pac. 449, in considering the sufficiency of compliance with charter provisions requiring notice of claim to be filed with the city, it was held that, where there is a *bona fide* effort to comply with the law and the claim filed actually accomplishes the purpose of notice as to the place and character of the defect in the street, it is sufficient though defective, if the deficiencies are

not such as to be actually misleading.   After citing cases in support of the rule, Judge Ellis said:

"These, and many other decisions which might be cited, show that this court has never adopted that Draconic strictness of construction which would sacrifice the just and reasonable purpose of the law to a technical exactness of terms, making it a pitfall for the ignorant and the unskillful, rather than a reasonable protection against the fraudulent and designing." .

See, also, *Decker v. Seattle*, 80 Wash. 137, 141 Pac. 338; *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893; *Bell v. Spokane*, 30 Wash. 508, 71 Pac. 31.

While it is true that in this jurisdiction the provisions of statutes and charters relating to the presentment and filing of claims against municipalities have been held to be mandatory, it does not follow that a substantial compliance with them is not sufficient.   Even a mandatory or imperative statute may be satisfied by substantial compliance with its terms.   Dillon in his treatise on Municipal Corporations (5th ed.), p. 2819, § 1613, states the rule in this language:

"The *provisions of the statute* prescribing the terms and contents of the notice, such as the time and place of the accident, the nature of the injury,the defect in the street or highway, or the cause of the injury, *must be substantially complied with;* otherwise, the condition precedent to the right to maintain the action has not been performed, and the action will not lie."

In *Hammock v. Tacoma, supra,* this court approved the statement of Judge Thompson, in his Commentaries on the Law of Negligence, with respect to the certainty required in describing the *place* of the accident, saying that it voiced the almost unanimous sentiment of the courts upon the subject. And we are of the opinion that his statement in § 6328 of the same work, wherein he says that it will generally be sufficient if substantial accuracy is attained in the notice with respect to the *time* of the accident, is equally sound under a

charter or statute which does not require the time of the accident to be stated in the notice of claim.

We conclude upon this branch of the case that, inasmuch as the charter does not require the time of the accident to be stated, and the discrepancy in the date given in the claim in this case involves a period of one day only, and there is no claim or contention that the city was in any manner deceived or misled to its prejudice, and there is enough in the record to indicate that plaintiffs could not have explained the mistake and have shown that the injuries complained of in fact occurred on October 31, 1915, if the point had been raised in the lower court, and hence that the claim was actually filed in time, the city cannot be heard to say for the first time in this court that the notice of claim was not timely.

This brings us to the second assignment, that there was not sufficient evidence to show that the city had notice, either actual or constructive, of the existence of the obstruction in the street. If the sole negligence relied on by plaintiffs had been that of the failure of the defendant to remove the obstruction within a reasonable time after knowledge, actual or constructive, of its existence, we would be inclined to hold that the evidence was not sufficient. But it must not be overlooked that it is alleged in the complaint, and there is substantial evidence in the record to sustain the allegations, that the defendant was guilty of negligence which caused the obstruction to be in the street. In such case the condition complained of is due to the act or neglect of the city itself, and no notice of any kind, either actual or constructive, is necessary. It is only in cases where the negligence relied on is the failure of the city to remove an obstruction or to repair a defect in the street not caused by its own act or neglect that the question of notice of the obstruction or defect is an essential element. 6 McQuillin, Municipal Corporations, § 2808; 5 Thompson, Commentaries on Negligence, §§ 5993, 6016; *Tewksbury v. Lincoln*, 84 Neb. 571, 121 N. W. 994, 23 L. R. A. (N. S.) 282.

The defendant did not move for a new trial, but predicates error upon the denial of its motion for judgment notwithstanding the verdict. Inasmuch as there is a cause of action alleged· based upon the primary negligence on the part of the city, which caused and brought about the obstruction in the street, and these allegations are supported by substantial evidence, there is sufficient foundation upon which the verdict of the jury can soundly rest. The motion for judgment notwithstanding the verdict was therefore properly denied.

The judgment is affirmed.

ELLIS, C. J., MORRIS, MAIN, and CHADWICK, JJ., concur.