**Jessie L. CURTIS and Sharon A. Curtis**

v.

**CITY OF ELLSWORTH.**

Supreme Judicial Court of Maine.

July 5, 1972.

Libhart & Ferris, by Joseph L. Ferris, Brewer, for plaintiffs.

Silsby & Silsby, by Frank B. Walker, Ellsworth, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This case comes to us on appeal from an order of the Superior Court granting defendant's motion for summary judgment.

The facts are not in dispute. Appellants suffered damage due to a highway defect in a road under the control of the defendant. Within fourteen days after the incident appellants gave written notice of the defect to the *Treasurer* of the City of Ellsworth.

The issue is whether the Court below erred in ruling that the appellants' notification to the Treasurer did not comply with the notice provision of 23 M.R.S.A. § 3655, which provides in part:

"Any person who sustains injury or damage . . . shall, within 14 days thereafter, notify one . . . of the *municipal officers* of such town by letter or otherwise, in writing, setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injury. . . ." (Emphasis supplied.)

The City of Ellsworth was chartered as a municipal corporation by act of the legislature. The legislative charter contains this language:

"The members of the city council shall be and constitute the *municipal officers* of the city of Ellsworth for all purposes required by statute. . . ." (Emphasis supplied.) Private & Special Laws of 1933, ch. 34, art. 2, § 1.

The statutory definition of "municipal officers" is found in 1 M.R.S.A. § 72, which provides:

"The following rules shall be observed in the construction of statutes relating to words and phrases, unless such construction is inconsistent with the plain meaning of the enactment, the context otherwise requires or *definitions otherwise provide*.

.     .     .     .     .     .

12. Municipal officers. 'Municipal officers' means the mayor and aldermen of cities, the selectmen of towns and the assessors of plantations." (Emphasis supplied.)

The appellants advance the argument that the term "municipal officers" found in 23 M.R.S.A. § 3655 does not apply to the City of Ellsworth in that it has neither a mayor nor aldermen. However, it is clear that the definition provided in 1 M.R.S.A. § 72(12) was not intended to restrict the definition of "municipal officers" because the preamble to this section permits flexibility in definition. The legislature clearly provided for a different definition of "municipal officers" when it chartered the City of Ellsworth. The Ellsworth Treasurer is not a member of the City Council and, therefore, is not a municipal officer "for all purposes required

by statute." The Justice below was correct when he said: "City Treasurer is not a Municipal Officer."

However, the appellants advance the argument that even though the Treasurer may not be a municipal officer, the record discloses a substantial compliance with the statutory mandate of fourteen days notice to at least one municipal officer.

■ The record before us provides no evidence, nor any basis for finding as a fact, that any member of the Ellsworth City Council received the notice which had been mailed to the City Treasurer; nor does the record disclose that the contents of such notice were ever brought to the attention of any member of the City Council.[1]

Thus factually delimited, we have reviewed the holding of this Court in Huntington v. City of Calais (1909), 105 Me. 144, 73 A. 829, wherein the same statutory language as now appears in Section 3655 was interpreted. In speaking of the situation where the fourteen day notice had been given to the City Clerk, the Court in *Huntington* said:

"The liability of cities and towns for damages sustained by travelers by reason of defects in highways is created solely by the Legislature, and all of the conditions and limitations upon which the remedy is granted must be strictly observed as prescribed by the statute. The duty imposed upon the person injured to 'notify one of the municipal officers' within 14 days thereafter is absolute and imperative. The statute is not merely

directory; it is mandatory. The notice in question thus becomes a condition precedent to the plaintiff's right of action." Id. at 145–146, 73 A. at 830.

We see no occasion to depart from this ruling. Our Court in Marcotte v. City of Lewiston (1900), 94 Me. 233, 47 A. 137, stated:

"The statute is remedial, and to be construed and applied as such. The right to the remedy accrues when the injury is received, but to protect towns against possible fraud and stale claims, where opportunity for investigation may be lost, and discovery of evidence difficult, the statute requires the party, within 14 days after its occurrence, to give written notice to the municipal officers, 'setting forth his claim for damages, and specifying the nature of his injuries, and the nature and location of the defect which caused such injury.' The manifest purpose of this requirement is to afford opportunity to the town officers to examine the place, ascertain from persons having knowledge of the facts, while the recollection is fresh, all the attending circumstances, and determine as to the liability of the town, and prepare its defense, if the town officers decide to defend." Id. at 235, 47 A. at 138.

This rationale is as appropriate to the circumstances existing today as it was in 1900.

The entry is:

Appeal denied.

All Justices concurring.

1. We do not here indicate what our decision would be if the record did disclose that although the statutory notice was not given directly to a municipal officer, it either was transmitted in some other way to one of the officers or its contents made known to them, all within the fourteen day period required by Section 3655.