WILLARD C. LOW *vs.* INHABITANTS OF WINDHAM.

Cumberland. Opinion April 10, 1883.

*Pleading. Ways. Notice.*

Special pleading in defense is not required to raise the question of the sufficiency or insufficiency of the notice of the injury given by the plaintiff to the town in an action for damages received from a defect in a way.

A person injured by a defect in a way gave the following notice : " North Windham, November 28, 1879. To the selectmen of Windham: This is to notify you that I shall claim damage for injuries which I received in going through the bridge at Great Falls, Windham, on November 15. Willard Low." *Held:* That if the notice could be upheld in other respects it fails for want of a specification of the nature of the plaintiff's injuries.

ON EXCEPTIONS from the superior court.

Action to recover damages from a defect in a highway in the defendant town November 15, 1879.

The following is the only written notice given by the plaintiff to the defendants of the defect and accident, and his claim for damages therefor :

" North Windham, November 28, 1879.

" To the selectmen of Windham.

" This is to notify you that I shall claim damage for injuries which I received in going through the bridge at Great Falls, Windham, on November 15.                    Willard Low."

The presiding justice ruled *pro forma* that the notice was sufficient.

The writ was dated November 3, 1880.

The verdict was for plaintiff for $935.

*M. P. Frank,* for the plaintiff.

This notice furnished the defendants with all the essentials, and was therefore all that the law requires.

The principle was fully established in the case of *Blackington* v. *Rockland*, 66 Maine, 332, and the reasoning of the court in that case is so concise and clear that no better language could be found in which to express the plaintiff's argument in this case than the language used by the court on page 334 of that case.

It was not necessary for the plaintiff to set forth his claim for damages in dollars and cents; *Sawyer* v. *Naples*, 66 Maine, 455. And aside from this the notice is quite as full and explicit as the notice proved in *Blackington* v. *Rockland*, *supra*.

This notice not only fulfils the spirit and purpose of the statute, but its literal requirements · in that : It is in writing. It sets forth distinctly his claim for damages. It specifies the nature of his injuries, namely personal injuries, bodily injuries, injuries which he received,— not injuries to his horse, his wagon, or to any of his property but to his person, and complies in this respect with the requirements of the law as construed in *Blackington* v. *Rockland*. The nature of the defect, namely, a weak bridge, a bridge of insufficient strength. It was not a covered bridge, and the words going through the bridge are used in the sense of breaking through. Words are to be interpreted in the light of the surrounding circumstances. Chitty on Contracts, c. 1, § 2 – 4, tenth Am. ed. p. 76. *Eaton* v. *Smith*, 20 Pick. 150.

It gives the location of the defect, the bridge at Great Falls, Windham. This bridge was publicly known as the " Great Falls bridge." ·

The defendants set up no such defence by their pleadings as a want of written notice, or the insufficiency of the notice given.

The written notice having been given, if defendants would take advantage of any defect in the notice they should have set it up in their pleadings.

The law relative to taking advantage of the statute of limitation as a defence furnishes a parallel. The statute declares that no action shall be brought, etc. unless within six years, etc. But although the action is brought after the time limited, and when the proofs are exhibited it appears that the statute of limitations would be a bar, still if such defence is not set up by the pleadings,

it will be deemed to have been waived." Spaulding's Practice, p.. 526, § 31. *Longfellow* v. *Longfellow*, 54 Maine, 240.

So in this case, whatever may be the law as to the power of a town or city officer to waive a written notice, the pleading is an act of the town, of the defendants themselves, not of their officers, and surely they had a right to waive it if they saw fit, it being a statute requirement made for their benefit only.

*S. C. Strout, H. W. Gage* and *F. S. Strout,* for the defendants.

SYMONDS, J. The statutes, 1874, c. 215, 1876, c. 97 and 1877, c. 206, which require the plaintiff in an action like this to have given notice to the town of the fact that he had received an injury upon the highway, within a certain time thereafter and with certain particulars in regard to it, have been considered by the court in the following cases: *Jackman* v. *Garland*, 64 Maine, 133; *Blackington* v. *Rockland*, 66 Maine, 332; *Sawyer* v. *Naples*, 66 Maine, 453; *Perkins* v. *Oxford*, 66 Maine, 547; *Veazie* v. *Rockland*, 68 Maine, 511; *Bradbury* v. *Benton*, 69 Maine, 194; *Hubbard* v. *Fayette*, 70 Maine, 121; *Wagner* v. *Camden*, 73 Maine, 485; *Rogers* v. *Shirley*, 74 Maine, 144.

In all of these cases, it seems to have been assumed to be an essential part of the plaintiff's case, in such an action, to prove that the notice required by the statutes was given. The language of the opinions would in many respects be irrelevant, if proof of the notice were not regarded as one of the conditions of the right of recovery. Notice to the municipal officers according to the statute is expressly stated in *Hubbard* v. *Fayette* to be a fact which the plaintiff must prove in order to entitle him to recover, and the precise question is decided by entering the nonsuit on the ground that the notice was insufficient, in accordance with the ruling at *nisi prius* and with the stipulations of the parties in the report. *Wagner* v. *Camden* proceeds upon the same ground. There is no intimation that special pleading is required in defense in order to raise that issue. If proof of the notice is wanting, the plaintiff's case fails. Notice must have been given, and that fact must be averred and proved by the plaintiff, to sustain the action. This is the clear conclusion from the authorities, and the only ground upon which they can be explained.

If the notice given in this case could be upheld in all other respects, it fails for want of a specification of the nature of the plaintiff's injuries. All that is said in *Blackington* v. *Rockland* against a strict construction of notices of this class is true and important. It was right to hold there that notice of an injury to the plaintiff's horse was notice of the respect in which the plaintiff was injured. It was a notice of damages to property, specifying the property. But it is impossible to hold that the words, "I shall claim damage for injuries which I received," contain a specification of the nature of the plaintiff's injuries. They might possibly be construed to refer to bodily injuries, as distinguished from damage to property, but we cannot regard the statutory requirement of a notice, "specifying the nature of his injuries," as fulfilled by a notice to the town that the plaintiff has been injured in his person. That would be a construction opposed to the ordinary force of the words, "to the common meaning of the language." R. S., c. 1, § 4, I. The law has not been so understood or administered since its enactment. There are many intimations in the cases cited against the sufficiency of such a notice.

In *Hubbard* v. *Fayette*, the first notice given is passed over by the court as "fatally defective in several respects;" and yet the only material point in which it differs from the second notice more fully considered by the court, is that it makes claim for damages "for injuries which my wife received," without further specification. It must have been this failure to specify the nature of the wife's injuries to which the court referred when it treated the first notice as more clearly defective than the second.

It is true that full and exact details of the personal injury are not required, and that the plaintiff is not precluded from recovering for injuries which are not known, and, therefore, cannot be specified at the date of the notice, but which manifest themselves later. The object of the notice in this respect is not to limit the plaintiff's right of recovery, but to give information to the town, by a general statement such as it is practicable for the plaintiff to make at the time, of the nature of the injuries for which he claims to recover damages. This is as important a requirement of the statute as it is that the plaintiff should not omit to set

forth his claim for damages. *Wagner* v. *Camden, supra.* When the main advantage which the town derives from the notice, namely, an early opportunity to investigate the case, is considered, the specification of the nature of the injuries may not be so important as that of the nature and location of the defect, but it is as positive a requirement of the statute and cannot be ignored. This provision by which an early notice to the town of the character and extent of the plaintiff's claim is required, is one of a series of enactments by which the legislature has limited or modified the right of action in this class of cases. It is for the court to allow it its legitimate effect. *Bartlett* v. *Cabot,* 54 Vt. 242.

A ruling at the trial against the sufficiency of this notice would have withdrawn the case from the jury. The *pro forma* ruling was, therefore, given that the notice was sufficient.

*Exceptions sustained.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.