### CLARKE v. KOEPPEL et al.

(Supreme Court, Appellate Division, Second Department. May 3, 1907.)

1. CONTRACTS—CONSTRUCTION OF BUILDINGS—PART PERFORMANCE—RECOVERY.

A contractor for the construction of a building may recover for part performance, where the building, while under the exclusive control of the owner, and through his negligence, was destroyed by fire before completion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1435.]

2. SAME—BURDEN OF PROOF.

A contractor for the construction of a building, who seeks to recover for part performance on the theory that the building, before completion, while under the exclusive control of the owner, was destroyed by fire through his negligence, has the burden of establishing that the fire was attributable to the negligence of the owner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1772.]

3. SAME—PRESUMPTIONS.

The mere occurrence of a fire destroying a building in process of construction, while under the exclusive control of the owner, does not raise the presumption that the fire was due to his negligence.

4. CONTRACTS—CONSTRUCTION OF BUILDINGS—DESTRUCTION BEFORE COMPLETION—PART PERFORMANCE—NEGLIGENCE OF OWNER.

On the issue whether a building in process of construction was, while under the exclusive control of the owner, destroyed by fire through his negligence so as to entitle the contractor to recover for part performance, evidence *held* insufficient to show negligence of the owner.

Hirschberg, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by Audley Clarke against Adolph Koeppel and others. From a judgment for plaintiff and certain of the defendants, against defendant Bertha Glass, she appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and GAYNOR, JJ.

104 N.Y.S.—5

Julius Levy, for appellant.

Hugo Hirsh (Ferd W. Buermeyer, on the brief), for respondents Koeppel and Sheroffsky.

JENKS, J. This is an action to foreclose a mechanic's lien, brought by a subcontractor against Koeppel Bros., contractors, and Glass, the owner of the premises. The building which was the subject of the contract was destroyed by fire before completion. The trial proceeded upon the concession that, if Koeppel Bros. could not recover against Glass, the plaintiff could not. Koeppel Bros., by amendment at the trial, pleaded:

"On said 21st day of April, 1905, while said store or ground floor was in the exclusive possession and under the exclusive control of the defendant Glass, a fire occurred therein, through and by the neglect of the defendant Glass and her agents and servants, which was communicated to the rest of said building, and the said building was destroyed by said fire."

This plea presented the issue litigated, on the theory that, if the fire was due to the negligence of Glass, the contractors were excused from completion under the contract, and could recover for a part performance thereof. Vandegrift v. Cowles Engineering Co., 161 N. Y. 435, 55 N. E. 941, 48 L. R. A. 685; Dolan v. Rodgers, 149 N. Y. 489, 44 N. E. 167; Gallagher v. Nichols, 60 N. Y. 438; Logan v. Consolidated Gas Co., 107 App. Div. 392, 95 N. Y. Supp. 163. The learned Special Term decided that the fire occurred through the negligence of the defendant Glass. The burden was upon Koeppel Bros. to establish that the fire was attributable to the negligence of Glass. Stewart v. Stone, 127 N. Y. 506, 28 N. E. 595, 14 L. R. A. 215, citing Lamb v. Camden, etc., R. R. & T. Co., 46 N. Y. 271, 7 Am. Rep. 327. The mere occurrence of the fire does not permit the presumption that it was due to negligence. Whitworth et al. v. Erie Railway Company, 87 N. Y. 413, 420; Stewart v. Stone, supra. There is no direct evidence as to the cause of the fire. The evidence adduced by Koeppel Bros. was met by Glass with evidence largely in contradiction. But without regard to it, save so far as it is corroborated somewhat by the evidence given in behalf of the Koeppels, I shall consider the question whether the Koeppels sustained the burden of proof.

In the absence of any fact that could permit the inference of spontaneous combustion or ignition from electric wires, or like causes, I think we may assume that the fire was due to some act of man. In Miller v. Steam Navigation Company, 10 N. Y. 437, the court say:

"There is no evidence in this case to show how the fire, by which the property in question was destroyed, originated. The presumption, therefore, is that it arose from some act of man. Angell on Carriers, § 156."

The question whether Glass or his workmen caused the fire depends upon circumstantial evidence—inference from positive proof of certain other facts. As fire communicates fire, there is a possibility that a man in a room smoking a cigar may be the cause of a fire that afterwards burns therein; but whether that relation of cause and effect is established depends upon the other facts and circumstances, cumulative or exclusive. The court had before it proof of positive character that theretofore there had been furniture moved by Glass into the

building, which was in packing, paper, or excelsior, which practically filled that floor, and that Siegfried Glass and his workmen were seen "there" on the day of the fire, smoking cigars or cigarettes; that none of the contractors' workmen were in the building on the day of the fire, save their watchman; and that he did not smoke on that day. On the other hand, there was no suggestion that there was any intentional firing of the building by any one, or that any one would have been benefited by its burning up. A lighted cigar or cigarette in the same building on the same floor would not necessarily cause a conflagration, as if it had been brought in contact with escaping gas or inflammable fumes. We know, of course, that lighted cigars and cigarettes are constantly brought into rooms or buildings and smoked therein, when the room or building contains things inflammable from the slightest contact with fire. We know that cigars and cigarettes do not necessarily cast off sparks or floating flecks of fire. There was no proof that Glass or his workmen while smoking were moving the furniture on that floor shortly before the fire. There was no proof that any one of these people were in contact with the furniture or the packing or in close proximity to them. There is no proof when Glass or his workmen smoked. There is no proof when they were on the first floor, or even in the building, save that Lukoff, the Koeppels' watchman, testifies that Glass' working people walked up and down on the third floor when he was eating his dinner. The watchman, Lukoff, had but to look in to the ground floor where he first saw the fire, but he does not testify to the presence of Glass or his workmen on that floor at any particular time. Proof that none of the Koeppels' workmen was there on the day of the fire is not proof that none of the subcontractors' workmen (and the record shows that there were at least two subcontractors) was present and working.

If we consider the testimony adduced by Glass, we find considerable evidence of positive character that there were other workmen there on this day; that there were carpenters and plumbers in the building; and that plumbers were seen on the first floor on the morning of that day, who "had some fire." Lukoff, the important witness of the Koeppels, testifies that there were some people there, "but further up; they were plumbers." Of course, the court was at liberty to disregard the testimony adduced by Glass, but the testimony as to the presence of plumbers in the building is from both sides, and practically is not disputed. The use of fire was entirely natural to their calling in constructive work. To my mind the possibility was not, by evidence of concentration or of exclusion, made proof by those who bore the burden. Certainly there was other and further evidence available to them. The plumbers or other persons must be known. It seems that the plumbers testified before the fire marshal, and the carpenters were in court. Thus it seems that it was practicable to adduce evidence which bore on the question of the exclusion of the other persons who were present from any causal relation to the fire.

Starkie on Evidence, p. 865, says:

"What circumstances will amount to proof can never be a matter of general definition. The legal test is the sufficiency of the evidence to satisfy the understanding and conscience of the jury."

In Lopez v. Campbell, 163 N. Y. 340, 347, 57 N. E. 501, 503, the court say:

"While a material fact may be established by circumstantial evidence, still to do so the circumstances must be such as to fairly and reasonably lead to the conclusion sought to be established, and to fairly and reasonably exclude any other hypothesis."

In Ruppert v. Brooklyn Heights R. R. Co., 154 N. Y. 90, 94, 47 N. E. 971, 972, the court say:

"In order to prove a fact by circumstances, there should be positive proof of the facts from which the inference or conclusion is to be drawn. The circumstances themselves must be shown, and not left to rest in conjecture, and when shown it must appear that the inference sought is the only one which can fairly and reasonably be drawn from these facts. People v. Harris, 136 N. Y. 429, 33 N. E. 65."

I think that there should be a new trial granted.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur, except HIRSCHBERG, P. J., who dissents.