WILLIAM . F. BEVERAGE *vs.* INHABITANTS OF ROCKPORT.

Knox.    Opinion December 9, 1909.

*Highways.    Injuries.    Notice.    Construction.    Evidence.    New Trial.    Personal Injuries.    Damages.    Revised Statutes, chapter 23, section 76.*

Revised Statutes, chapter 23, section 76, requiring written notice to town officers, of a claim for injuries from a defective highway, specifying the injuries and the defect causing them, is designed to give such officers an opportunity to examine the place and ascertain the facts while they are fresh, determine the defendant's liability, and prepare any defense.

In view of the limited time within which notices under Revised Statutes, chapter 23, section 76, must be served, and the fact that they are often necessarily prepared without the aid of a professional draughtsman, their construction should not be "strangled by technicalities nor distorted by captious criticism," but full effect should be given to their natural and obvious meaning.

Under Revised Statutes, chapter 23, section 76, requiring a written notice to town officers of an accident, stating a claim for damages, and specifying the nature of the injuries and the nature and location of the defect causing them, a notice that plaintiff was injured on a highway leading from one specified point to another at a point near a specified point, by being thrown from a carriage by contact with a guy wire supporting a derrick, that the injury consisted of facial bruises and internal injuries the extent of which could not be then ascertained, and that a claim would be made against the town, was not insufficient as failing to show that plaintiff was injured by a defect in the highway, nor as making no present claim, nor as failing to specify the nature and location of the defect, nor as insufficiently specifying the injuries.

A notice to a town under Revised Statutes, chapter 23, section 76, of a claim for injuries received on a highway, consisting of "facial bruises and internal injuries," was sufficient to authorize recovery for the injuries therein alleged, and if the town would defeat recovery for other distinct injuries not specified but caused by the same fall, it was bound to object to proof of them.

Evidence in an action against a town for injuries received by driving along a highway caused by contact with a guy wire, *held* to support a verdict for plaintiff.

A new trial will not be granted for newly discovered evidence, which proba-
bly would not have changed the result, and which could have been dis-
covered before the trial closed by using reasonable diligence.

$988 *held* not excessive damages for facial injuries, three broken ribs, dislo-
cated shoulder, and hemorrhages, caused by internal injuries attended by
suffering.

On motions and exceptions by defendants.    Overruled.

Special action on the case under Revised Statutes, chapter 23,
section 76, to recover damages for personal injuries sustained by
the plaintiff while riding in the evening along a highway in the
defendant town, and caused by a collision of his wagon with a guy
wire employed by the defendant town to support a certain derrick
in the highway and which was unguarded by a light or other warn-
ing.    Plea, the general issue.    Verdict for the plaintiff for $988.
The defendant town excepted to certain rulings made during the
trial, and filed a general motion for a new trial and also a special
motion for the same purpose on the ground of newly discovered
evidence.

The case is stated in the opinion.

*C. T. Smalley*, for plaintiff.

*Arthur S. Littlefield, and G. H. M. Barrett*, for defendants.

SITTING :    WHITEHOUSE, SPEAR, CORNISH, KING, BIRD, JJ.

WHITEHOUSE, J.    In this action the plaintiff obtained a verdict
of $988 for personal injuries received by him on the evening of
August 18, 1907, while he was traveling along the highway leading
from Rockport Village to Simonton's Corner in the town of Rock-
port.    He claims that the injuries were caused by a collision of his
wagon with a guy wire employed by the defendant to support a
derrick which was in use at that point in the highway but unguarded
by a light or other warning.

The plaintiff was required by section 76 of chapter 23, R. S., to
give the municipal officers a written notice of the accident within
fourteen days thereafter "stating his claim for damages and specify-
ing the nature of his injuries and the nature and location of the
defect which caused such injury."

For the purpose of complying with this requirement of the statute, the plaintiff caused the following notice to be seasonably given to the municipal officers of the defendant town, viz.

"Camden, Maine, August 20, 1907.

"To the Selectmen of the Town of Rockport:

"You are hereby notified that William F. Beverage of Camden was injured on the highway leading from Rockport to Simonton's Corner, on the night of August 18th about nine o'clock at a point near the turn on the eastern side of Melvin Bridge so-called. That said injury was caused by his being thrown from his carriage by contact with a guy wire there used to support a derrick there being used in the repair of said bridge. That no suitable light was placed on or near said guy wire. That said injury consisted of facial bruises and internal injuries, the extent of which cannot be ascertained at this time. That a claim for damage will be made against said town."

The defendant's counsel seasonably objected to this notice on the ground of its insufficiency and contended that it was defective with respect to all of the purposes for which such a notice is required. The presiding Justice admitted the notice subject to the objection and the case comes to this court on exceptions to this ruling and upon a motion to set aside the verdict as against the evidence and on account of newly discovered evidence relating to the question of damages. As stated by this court in *Marcotte* v. *Lewiston*, 94 Maine, 233, the manifest purpose of this requirement of a fourteen days' notice "is to afford opportunity to the town officers to examine the place, ascertain from persons having knowledge of the facts, while the recollection is fresh, all the attending circumstances, and determine as to the liability of the town, and prepare its defense if the town decides to defend." In view of the limited time within which these notices must be served and the fact that they are often necessarily prepared without the aid of a professional draftsman their construction should not be "strangled by technicalities nor distorted by captious criticism," but full effect should be given to their natural and obvious meaning.

VOL. CVI 15

In the case at bar the defendant's first criticism of the notice is that it contains no distinct averment that the plaintiff was injured by reason of a defect in the highway, and makes no claim for damages expressed in the present tense but announces that a claim will be made at some time in the future. True, the notice does not expressly characterize the alleged obstruction as a defect, but it plainly states that the plaintiff was injured on the highway by reason of a collision of his team with a derrick guy then in use and unguarded. It describes a condition which the jury might find to be dangerous and defective. It stated the facts and gave the town officers the information required to enable them to perform their duty with respect to that feature of the case. The obstruction described in the notice was duly alleged to be a defect in the plaintiff's declaration, and the jury so found.

Neither can it reasonably be doubted that the notice would easily be understood as a statement of an existing claim which would be subsequently prosecuted if not adjusted.

It is further objected that the notice fails to specify the nature and location of the defect. It states that the plaintiff was injured "on the highway leading from Rockport to Simonton's Corner . . . at a point near the turn on the eastern side of Melvin bridge," and that the injury was caused by a collision with the guy wire of a derrick there being used in the repair of the bridge. It is true that there were two highways either of which might be used in traveling from Rockport to Simonton's Corner, but reference to the standing derrick definitely fixed the location of the defect, there being no other derrick on either road. It distinguished the high-way on which the obstruction was located as clearly as in *Hignett* v. *Norridgewock*, 105 Maine, 189, the large "hole in the traveled part of the road" distinguished the middle culvert from the north-erly culvert.

With respect to the nature of the plaintiff's injury, the notice states that it "consisted of facial bruises, and internal injuries, the extent of which cannot be ascertained at this time." This notice was prepared and served the second day after the accident, but in the plaintiff's declaration drawn six months later it is alleged that two of his ribs

were broken and his body greatly bruised and injured, and that he was injured internally and "still suffers great pain and frequently spits large quantities of blood." In *Low* v. *Windham*, 75 Maine, 116, it is said in the opinion, "Full and exact details of the personal injury are not required, and the plaintiff is not precluded from recovering for injuries which are not known, and, therefore, cannot be specified at the date of the notice, but which manifest themselves later. The object of the notice in this respect is not to limit the plaintiff's right of recovery, but to give information to the town, by a general statement such as it is practicable for the plaintiff to make at the time, of the nature of the injuries for which he claims to recover damages." In *Wadleigh* v. *Mt. Vernon*, 75 Maine, 79, it was alleged in the notice that the plaintiff was injured in his thigh and right lung "and otherwise injured by being violently shaken up and jarred in his fall to the ground;" and he was permitted to show a specific injury not mentioned in the notice, resulting from his being shaken up and jarred in his fall to the ground. In *Spear* v. *Westbrook*, 104 Maine, 496, the notice was held insufficient for the reason that it failed to specify upon what part of the body the bruises were received, or to state in what manner or to what extent the bruises affected her; but in the opinion it is observed that "the sufferer can recover damages arising from such injuries as are specified in the notice and for the results actually flowing from such injuries, although those results may not be anticipated or described in the notice."

In the case at bar the notice states that the "injury consisted of facial bruises and internal injuries, the extent of which cannot be ascertained at this time." The surgeon who was called between ten and twelve o'clock on the night of the injury testifies that he found a gash in the plaintiff's chin which penetrated through the lower lip and into the gum in the lower jaw; that he found three ribs broken and the right shoulder dislocated and severely injured "so that he couldn't move or control the movements of his right arm at all." He also states that he was suffering from internal hemorrhages, which came from the internal organs, but he could not "diagnose the injury" and had never satisfactorily done so; but adds that at the

last examination of the plaintiff, two weeks before the trial, he had not recovered from the "indefinite internal injuries but still had hemorrhages," nor had he then recovered from the injury to the shoulder.

It thus appears that in addition to the "facial bruises" and "internal injuries" specified in the plaintiff's fourteen days' notice, there existed two separate and distinct injuries, and sources of suffering and damage, namely, the fracture of the ribs and the severe injury to the right shoulder. These specific injuries were not the results arising from the "indefinite internal injuries" and should therefore have been specified in the notice to authorize the plaintiff to introduce evidence to prove them and to entitle him to recover damages for them. But the evidence relating to the fracture of the ribs and injury to the shoulder was all introduced without objection by the defendant's counsel. It is true that objection had been made to the admission of the notice "as not being sufficient to comply with the statute as not entitling the plaintiff to recover for the alleged injuries." But it has been seen that the notice was sufficient compliance with the statute to entitle him to recover for the injuries therein alleged, and if the defendant would prevent a recovery for other distinct injuries not specified but caused by the same fall, it was its duty to object to the introduction of evidence to prove them. As the notice was admissible for the purpose above stated, the defendant's exceptions must be overruled.

With respect to the motion to set aside the verdict as against the evidence, it would serve no useful purpose to analyze and discuss the testimony and it is only necessary to state that after a careful examination of all the evidence introduced at the trial, it is the opinion of the court that there was sufficient evidence to support the verdict returned by the jury in favor of the plaintiff. And with respect to the motion for a new trial on the ground of newly discovered evidence relating to the question of damages, it is sufficient to say that in the opinion of the court, by the exercise of reasonable diligence the evidence might have been discovered before the close of the trial, but that, if it had been, it probably would not have changed the result. In view of the suffering and disability

resulting from the plaintiff's injuries and the testimony of the sur-
geon respecting the permanency of the injury to the right shoulder
and the persistent hemorrhages from the injuries to the internal
organs, the damages awarded by the jury must be considered mod-
erate rather than excessive.

*Motions and exceptions overruled.*