## CITY OF INDIANAPOLIS v. EVANS

[No. 27,312.   Filed January 15, 1940.   Rehearing denied February 28, 1940.]

*Edward H. Knight* and *Floyd J. Mattice, Corporation Counsel; Michael B. Reddington, City Attorney,* and *Oscar C. Hagemeier* and *John M. Connor, Assistant City Attorneys,* all of Indianapolis, for appellant.

*Snethen & Summers,* of Indianapolis, for appellee.

RÓLL, J.—This is an action to recover damages for personal injuries alleged to have been caused by reason of a collision of an automobile, in which the plaintiff, Anna Evans, was riding, with an iron post erected by appellant to guard a safety zone in the 500 block on East Washington Street in the city of Indianapolis.

The complaint was in one paragraph. Appellant filed a demurrer which was overruled, and the complaint was answered by a general denial. The jury returned a verdict for appellee, and judgment was entered accordingly.

The errors assigned on appeal are, (1) the overruling of appellant's demurrer, and (2) the overruling of appellant's motion for a new trial.

The first proposition discussed in appellant's brief is that the complaint was insufficient because it did not allege that the negligence of the defendant, as stated in the complaint, was the sole, proximate cause of the injury, and therefore, the complaint was not sufficient.

The complaint described the street where the obstructions were placed, and also described the nature of the obstructions. She further alleges that no safeguard, light, railing, notice or warning was placed on or near the iron post to warn or give notice to persons using the street of the existence of said iron post. The complaint then alleges:

". . . ; that on the night of the 25th day of April, 1936, about 11:00 P. M., it then being dark, this plaintiff, while lawfully riding with her son-in-law who was driving and propelling his automobile over and on said street in a lawful manner where said obstruction was so placed and permitted, in a careful and prudent manner and without any fault or negligence on his part, by reason of said negligence of the defendants in leaving said obstruction in said street as aforesaid, and without any notice or knowledge of the existence of said obstruction, on the part of the plaintiff or himself struck said obstruction and drove his automobile against and upon the same, by reason whereof said automobile was demolished and this plaintiff was thereby thrown violently from said automobile out upon the street and against the hard surface of the street and was greatly injured, in this, . . ."

There follows a description of appellee's injuries.

It is not necessary that a complaint to recover damages for personal injuries contain a direct averment that the negligence alleged was the sole, proximate cause of the injury. It is sufficient if the complaint shows, by averments that the negligence alleged was the proximate cause of the injury. *Evansville, etc. R. Co.* v. *Hiatt* (1861), 17 Ind. 102. It is not, however, sufficient to show that there was negligence on the part of the defendant in some particular act or omission. It must be made to appear that plaintiff's injuries were the proximate result of the negligent acts alleged. The facts pleaded must show a causal connection between the wrongful act of the defendant and the injuries sustained by plaintiff. *Jeffersonville etc., R. R. Co.* v. *Dunlap* (1868), 29 Ind. 426; *Cincinnati etc. R. R. Co.* v. *Chester* (1877), 57 Ind. 297.

In the case of *The Island Coal Co.* v. *Clemmitt* (1897), 19 Ind. App. 21, 23, the court said;

"It is not necessary to characterize the conduct of the defendant by the use of the word 'negligence', or words of the same derivation, if such facts be directly averred as certainly raise the legal presumption that the injury was the result of the defendant's actionable negligence. *Weis* v. *City of Madison*, 75 Ind. 241, 246."

A defendant is not necessarily responsible for every injury which would not have occurred without some act or omission on his part; but if an act or omission constitutes negligence, and an injury to one, free from fault, follows, of such a character that it might have been reasonably anticipated as a natural result of such negligence, and the particular injury would not have occurred without such negligence, then, the alleged negligence must be considered a proximate cause, even though other causes, whether wrongful or otherwise, also contributed to the injury. *Pennsylvania Co.* v. *Fertig* (1904), 34 Ind. App. 459; *South Bend Chilled Plow Co.* v. *Cissne* (1904), 35 Ind. App. 373. Appellee alleged in her complaint certain facts as to the erection and maintainance of the iron. post in the traveled portion of the highway which showed negligence on the part of appellant, and then averred that:

". . . by reason of said negligence of defendant in leaving said obstruction in said street as aforesaid, and without notice or knowledge of the existence of said obstruction on the part of the plaintiff or himself, struck said obstruction and drove his automobile against and upon the same, by reason whereof said automobile was demolished and the plaintiff thereby thrown violently from said automobile and upon the street and was greatly injured, . . ."

These allegations, we think, show a causal connection between the negligence alleged and the injury, and show that the negligence complained of was the proximate cause of appellee's injuries. There was no error in over-

ruling the demurrer to appellee's complaint on this ground.

Appellant in its demurrer to the complaint challenges the sufficiency of the notice alleged to have been served upon the city of Indianapolis under the provisions of Chapter 80, Acts 1935, p. 235, § 48-8001, Burns' 1933 (Supp.), § 12515-1, Baldwin's Supp. 1937. This act provides, among other things, that before certain actions can be brought, notice of the injury or loss shall be served upon the city, and that the notice shall set out therein the nature and extent of the injury to the person. The notice, herein alleged to have been served upon appellant, describes the nature and extent of the injury as follows:

> "Nature of damages—Personal injuries to the body of the undersigned including broken bones and bruises."

The sufficiency of this notice is presented by a demurrer to the complaint.

Several cases have been cited by appellant in which the sufficiency of the notice given in actions against municipalities have been questioned, which cases, at first sight, might seem to lend some support to appellant's contention. One of the cases cited and relied upon by appellant is *Beverage* v. *Rockport* (1909), 106 Me. 223. In that case the notice described the injuries thus;

> "That said injury consisted of facial bruises and internal injuries, the extent of which cannot be ascertained at this time."

The court in discussing the question quotes from *Marcotte* v. *Lewiston*, 94 Me. 233 as follows;

> ". . . the manifest purpose of this requirement of a fourteen days' notice 'is to afford opportunity

to the town officers to examine the place, ascertain from persons having knowledge of the facts, while the recollection is fresh, all the attending circumstances, and determine as to the liability of the town, and prepare its defense, if the town decides to defend'."

The court then commented as follows:

"In view of the limited time within which these notices must be served and the fact that they are often necessarily prepared without the aid of a professional draftsman, their construction should not be 'strangled by technicalities nor distorted by captious criticism,' but full effect should be given to their natural and obvious meaning."

In *Low* v. *Windham*, 75 Me. 113, it is said:

"Full and exact details of the personal injury are not required, and the plaintiff is not precluded from recovering for injuries which are not known, and, therefore, cannot be specified at the date of the notice, but which manifest themselves later. The object of the notice in this respect is not to limit the plaintiff's right of recovery, but to give information to the town, by a general statement such as it is practicable for the plaintiff to make at the time of the nature of the injuries for which he claims to recover damages"

In the *Beverage* v. *Rockport* case *supra* the court comments on the above case as follows:

"It was alleged in the notice that the plaintiff was injured in his thigh and right lung 'and otherwise injured by being violently shaken up and jarred in his fall to the ground;' and he was permitted to show a specific injury not mentioned in the notice, resulting from his being shaken up and jarred in his fall to the ground."

After reviewing the above cases the court held the notice sufficient and sustained a recovery by the plaintiff. It is clear that, had the defendant demurred to the complaint in the *Beverage* v. *Rockport* case, *supra*, the complaint would have been held sufficient upon demurrer.

In the case of *Lilly* v. *The Town of Woodstock* (1890), 59 Conn. 219, in the notice served upon the defendant city, the injuries were described as:

". . . the breaking and destruction of my carriage, and the bruising, wounding, and laming of my person;"

The defendant city demurred to the complaint and challenged the sufficiency of the notice. The court in discussing the question observed:

"A carriage so broken as to be destroyed presents the picture of a complete wreck, and describes the nature of the injury claimed to have befallen it with reasonable precision. The bruising, wounding and laming of the person may have been as specific and acurate a notice of the nature of the injury as it was reasonably possible to give, and such may turn out upon trial to be the only practicable description. The notice bears no inherent evidence of an attempt to make a general, indefinite statement of the nature of the injuries which should be broad enough to include any possible injury which the plaintiff might be able to prove on the trial of the case. It was not framed upon the theory that like a common law declaration for tort, it would not be vitiated by exaggerated or fanciful statements of the injury if there could be extracted from it any statement adapted to the fact.

"This court ought not to assume, upon the demurrer, that an injury such as is described in the notice might not have been sustained; though it may have been abundantly justified in assuming, in *Biesiegel* v. *Town of Semour, supra,* (58 Conn. 43), from the very description given of the injury, that it was not intended to be and could not be a reasonably accurate description, in compliance with the law. Unless we can see, upon the face of the notice, that the statement of this injury is so loose, general and indefinite as to be, of necessity, unreasonably inaccurate, we ought not to sustain the demurrer upon that point. . . .

"But inasmuch as there is nothing before us to indicate that here was not an honest attempt to comply with the requirements of the statute and to be reasonably definite as to the nature, cause, time and place of the injury, we think the notice should have been held sufficient and the demurrer overruled."

We conclude that the complaint was sufficient to withstand a demurrer and the court did not err in overruling the same.

Appellant filed its motion for a new trial, and one of the causes assigned therein was; the verdict of the jury is not sustained by sufficient evidence.

It is argued that one of the material averments of a complaint for damages for personal injuries against a municipal corporation is that the notice to the city was duly served. That the failure of proof of this averment is cause for reversal on appeal. Appellant points out that nowhere in the record appears proof of this essential allegation. We have searched the record and find no such proof and appellee has not pointed out any such proof in her brief. It seems well settled by the decisions of this court and other courts, as shown by the authorities cited in the case of *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, at p. 102, that under the provisions of § 8962, Burns' 1908, Acts 1907, p. 249, which as far as this question is concerned, is the same as Ch. 80, Acts 1935, p. 235, § 48-8001, Burns' 1933 (Supp.), § 12515-1, Baldwin's Supp. 1937, the giving of said notice is a condition precedent to a right of action; that facts showing the giving of the notice required by said section must, therefore, be alleged in the complaint, or it will be insufficient on demurrer.

It is also fundamental that when one seeks the benefit of a statute, or seeks to enforce a statutory right,

or liability, he must, by allegation *and proof,* bring himself clearly within its provisions. *Woodword* v. *State* (1910), 174 Ind. 743. *Indianapolis etc. Transit Co.* v. *Foreman* (1904), 162 Ind. 85.

It is also fundamental that an answer in general denial filed to a complaint, places the burden upon the plaintiff to prove all the material allegations of his complaint. Since appellee alleged in her complaint that notice as required by the statute was given, and as such an allegation is a material allegation, it follows that she must prove the same. If she fails to make such proof, she has failed to prove the material allegations of her complaint and a verdict returned in her favor would not be sustained by sufficient evidence.

We therefore hold that appellee failed to prove service of notice upon appellant as provided by Ch. 80, Acts 1935, p. 235, and that such proof was necessary. The court should have sustained appellant's motion for a new trial on the ground that the verdict was not sustained by sufficient evidence.

Appellant finds fault with the court's instruction No. 16, which reads as follows;

"I instruct you that the streets of the City of Indianapolis are public highways and that it is the law in Indiana that when any guard-rail, post, or any other permanent physical object is installed on or within the roadway of any highway or street in this State or which may be installed or located in such close proximity to the traveled part of such roadway that traffic thereon might be endangered thereby or collide therewith, so much of the exposed surface of that part of such rail, post, or other object above the surface of such public highway or street as may be necessary to reveal clearly the presence of such object to the traveling public,

shall be painted of no other color than white for its outside surface, or so painted that black and white stripes shall alternate, and if you find from the evidence that the posts against which this plaintiff collided were not painted white or black and white with stripes alternating, and if you further find that the said posts so erected in said street and the failure to paint them were the proximate cause of the accident causing injuries to the plaintiff without any fault on her part, then I instruct you that you would be warranted in finding for the plaintiff and against the defendant, the City of Indianapolis."

§ 36-1615, Burns' 1933, § 8602 Baldwin's 1934 (Tr., p. 73, ll. 1 to 26).

The objection made to this instruction is that it misconstrues the Statute, § 36-1615, which provides in substance, that when any post which is now or may hereafter be installed on or within the roadway of any highway or street in this state, is painted or repainted so much of the exposed surface of that part of such post projecting above the surface of such public highway or street as may be necessary to reveal clearly the presence of such object to the traveling public shall be painted white, or if desired it may be so painted that black and white stripes shall alternate.

The title to said Act reads as follows;

"An act providing that the parts of bridges, guard posts, guard rails, abutments, head walls, supports, and other physical objects located in and projecting above the surface of highways and streets shall be painted white or black and white in alternate stripes." (Acts 1925, ch. 114.)

Appellant construes the above statute as not requiring it to paint the obstruction at all, but if and when it does paint it, it must then paint it white, or to so paint it that white and black stripes shall alternate. At any rate, the plaintiff must prove that the post

had been erected long enough to give appellant a reasonable time to comply with the statute. Appellee contends that under circumstances as are presented here, the statute requires that the posts when erected must be painted as provided by the statute.

One of the cardinal principles of statutory construction is, that where the language used in the body of the act is ambiguous, or the meaning is doubtful, the court may look to the title of the act to ascertain the legislative intent. *City of Rushville* v. *Rushville Nat. Gas Co.* (1892), 132 Ind. 575; *Board etc.* v. *Albright* (1907), 168 Ind. 564; *State ex rel.* v. *Day* (1920), 189 Ind. 243.

The purpose and scope of the act must be determined from the title. *Rexing* v. *Princeton Window Glass Co.* (1912), 51 Ind. App. 124. Courts will look to the general purpose of the statute and the evil to be remedied. *Board etc.* v. *Given* (1907), 169 Ind. 468; *Thorn* v. *Silver* (1910), 174 Ind. 504; *Kelso* v. *Cook* (1916), 184 Ind. 173. The evil to be remedied and the purpose of the act is clear. From the title of the act it is evident that the legislature intended that when an obstruction, such as is here in question is erected, it should be painted white, or with black and white stripes alternating, in the absence of any showing why it could not have reasonably been so painted.

Courts are not always bound by the strict literal meaning of the words used. It was said in *Steiert* v. *Coulter* (1913), 54 Ind. App. 643;

"The legislative intent, however, is to be ascertained by an examination of the whole, as well as the separate parts of the act, and when so ascertained, the intention will control the strict letter of the statute or the literal import of particular terms or phrases, where to adhere to the strict letter or literal import of terms would lead to

injustice, absurdity, or contradict the evident intention of the legislature. *United States Sav., etc., Co.* v. *Harris* (1895), 142 Ind. 226, 231, 40 N. E. 1072, 41 N. E. 451; *Greenbush Cemetery Assn.* v. *Van Natta, supra,* 199."

Keeping in mind the title of the above act, the evil to be corrected, and the evident intent of the legislature, we do not think the above instruction is subject to the criticism made by the appellant. While the instruction may be subject to other serious objection, we are of the opinion that it is not subject to the objection urged.

We have disposed of all the errors assigned and discussed by appellant. For the error in denying appellant's motion for a new trial, as herein pointed out, the judgment is reversed with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Note—Reported in 24 N. E. (2d) 776.