HARDEBECK, DECEASED ET AL. *v.* CITY OF ANDERSON.

[No. 20,021. Filed September 2, 1965.]

*Al S. Woolbert,* of Anderson, and *Albert W. Ewbank,* of Indianapolis, for appellants.

*Schrenker & Anderson,* of Anderson, and *Wilson Wheatley,* of Tipton, for appellee.

PRIME, P. J.—This action was originally instituted by Ida Rose McClintock, later remarried to Clarence Hardebeck, against the City of Anderson, Indiana, to recover damages for personal injuries incurred by reason of a fall in a building known as the Juvenile Center in the City of Anderson. The complaint alleged that she slipped on a mat which was lying on the floor inside the door of the building thereby causing her to fall and sustain broken bones in her leg, which caused permanent injuries.

The plaintiff is now deceased as is Clarence Harde-beck, her husband, who was co-administrator of plaintiff's estate. This appeal is pursued by Al S. Woolbert, the remaining co-administrator.

Trial by jury resulted in a verdict for the plaintiff in the sum of $18,000.00 upon which judgment was rendered by the court. Thereafter, on November 15, 1962, the City of Anderson filed its Motion for a New Trial setting out twenty specifications of error.

On April 2, 1963, which was some four months later, and after the death of the plaintiff, the court granted the Motion for a New Trial in the following language:

"Comes now the court and the defendant, City of Anderson, having filed its motion for a new trial, the court now sustains said motion for trial for the following reasons:

"1. The plaintiff did not prove and introduce into evidence her Exhibit "A" which is her notice to the City of Anderson, which this court finds necessary for the reason that the defendant in its answer denies all the material allegations of the plaintiff's amended complaint. This being a material allegation of the plaintiff's amended complaint, it was necessary for the plaintiff to prove and introduce into evidence the written notice to the City of Anderson pursuant to the directives of the Supreme Court of Indiana as set out in *City of Indianapolis* v. *Evans,* 24 N. E. 2d 776, which this court must follow.

"2. Instruction No. 29 and Instruction No. 36 submitted to the court by the parties herein as well as the instruction on the liability insurance policy introduced into evidence are inconsistent with each other.

"In view of the foregoing reasons, the court sustains the motion of the defendant, and hereby grants a new trial in the above entitled cause of action."

From this sustaining of the motion for new trial the plaintiffs appeal.

This court must therefore determine what is required, in a tort liability case against a municipality, to *prove* that notice was given to the city of the injury as set out in the Acts of 1935, Ch. 80, §1, p. 235, same being, Burns' §48-8001. The appellee contends that the notice must be introduced into evidence to prove that notice was given.

The appellants contend that ample proof was made by testimony of witnesses and by reason of the fact that a copy of the letter written by the plaintiff to the City, in which notice of the injury was given, was made a part of the complaint and was marked Plaintiff's Exhibit "A". Notice was also pleaded as a paragraph of the complaint.

In order to obtain a complete picture of the steps taken by the plaintiff reflecting the question of notice, we deem it advisable to set cut the paragraph of the complaint in which notice was pleaded.

"3. That plaintiff was without fault or negligence in this incident and that this plaintiff sent notice of her injuries through the United States Mail to the Clerk of the City of Anderson, Madison County, Indiana, and to the Mayor of the City of Anderson, Madison County, Indiana, respectively, a copy of which notice is filed separately in this cause, and made a part thereof, and marked Plaintiff's Exhibit 'A.' "

The following appears in the record:

"Comes now the Court and plaintiff's Exhibit A referred to in complaint consisting of notice to the defendant of claim is filed and ordered made a part of record in this cause, which Exhibit A is in the words and figures following, to-wit:
                                    "And. Ind.
                                    July 9/59
"Mayor-
   City of And -
   I - Ida McClintock am *fileing* a damage claim

against the City of And. for damages which I am suffering from a fall on or about June 2nd or 3rd I had been in Juvenile Office Dept. for information from Cpt. Whittinger At the time of this entry to his office - my deposit in parking meter didn't register - this I explained to him & he said if I had a ticket to Bring it Back to him - I was returning with the parking ticket when entering the door of Bldg - I slipped on floor & my right foot hit the Stair Way in the hallway, Breaking my right ankle in three places - I have been hospitalized 17 days & I am in a cast & will wear same for one month. At the time of this fall - Mrs. Siebold helped me up & Mrs. Lenora Hurley 910 Park Ave - City - an employee of the Light plant helped me.

"I am in debt to St. Johns Hospital, Dr. Reed, Dr. Bridges Massengills Health Center for Wheel Chair & my loss of Work & my care during this *convalscence.* I am at 224 W 6th St. P - 2-1437 - *Hopeing* to hear from you soon -

"Respectfully
/s/ Mrs Ida McClintock

"I, Marie Sylvester Riggs, City Clerk of Anderson, Madison County, Indiana, on this 19th day of December 1960, do hereby certify that the attached is a true and exact copy of Claim filed July 13, 1959 with Ernest W. Coburn, City Clerk. Said Claim now on file in the office of the City Clerk, Anderson, Indiana.

"/s/ Marie Sylvester Riggs
Marie Sylvester Riggs
City Clerk
Anderson, Indiana"

The following is a partial review of the testimony touching upon the notice given:

Ralph Ferguson, Mayor of Anderson, Indiana:

"Q. . . . Let's put it this way, if there was a notice to the city sometime the middle part of July . . . then your conversation had to occur, as far as you know, before then, because you are

the one that told her to file a claim with the city?

"A. That's right.

. . .

"Q. Ida told you that she had been injured in one of the city buildings did she not?

"A. She had told me that, yes.

"Q. And did you tell her at that time that we carry insurance and liability insurance that would cover that, and if you are injured there (then) to file a claim?

"A. I think the conversation was this way, that she said she had been injured on city property, which I didn't know anything about, at the time. And she asked me what she should do, and I said the only thing I know you can do in these cases is to file your claim with the City Clerk. So, that is all I said."

Ida McClintock Hardebeck, Plaintiff:

"A. They had me in a cast up to my hips, and they had me sitting in a wheel chair, and Ralph Ferguson, the Mayor, came in to see his mother. Her room was right there where I was sitting and he asked me what I had did. And I told him. He asked me if I had filed a claim, and I told him I hadn't. And he told me to file one.

"Q. Did you get ahold of me?

"A. I did.

"Q. Did I come to the hospital?

"A. Yes, you did.

"Q. And you filed a claim?

"A. I did."

Captain Whittinger, Police Officer:

"Q. And, how did you happen to go out to Mrs. McClintock's?

"A. Chief Heyden sent me out there.

"Q. And, do you know what in reference you went out there?

"A. I had been on vacation, and I came back, and the Chief called me to his office and he said that Mrs. McClintock, who was over to see me prior to that had been in St. John's Hospital and she had slipped while at the Juvenile Center, and hurt her leg, and the Chief sent me down to talk to Mrs. McClintock.

"Q. Did he say that the Mayor had suggested to him, or - -

"A. No, Chief Heyden told me to go."

The trial court cites the case of *City of Indianapolis* v. *Evans* (1940), 216 Ind. 555, 564, 565, 24. N. E. 2d 776, as his authority and reason for granting the motion for new trial. In this case the court stated:

". . . [T]he giving of said notice is a condition precedent to a right of action; that facts showing the giving of the notice required by said section must, therefore, be alleged in the complaint, or it will be insufficient on demurrer.

. . .

"It is also fundamental that an answer in general denial filed to a complaint, places the burden upon the plaintiff to prove all the material allegations of his complaint. Since appellee alleged in her complaint that notice as required by the statute was given, and, as such an allegation is a material allegation, it follows that she must prove the same. If she fails to make such proof, she has failed to prove the material allegations of her complaint and a verdict returned in her favor would not be sustained by sufficient evidence."

Since the complaint did allege that notice was given, we hold that it was properly pleaded. In respect to whether or not the notice was proved requires further analysis. The appellants cite *Aaron* v. *City of Tipton* (1941), 218 Ind. 227, 235, 32 N. E. 2d 88, a later case than *Evans, supra,* in support of their contention that notice was given. In this case the following language was employed:

"Our notice statutes do not purport to set up a condition precedent to the liability of the city, but merely establish a procedural step which was necessary to the remedy of bringing an action to enforce the liability. . . . Its only purpose is to enable the city to make a prompt investigation as to its liability. The notice does not affect the right, it affects only a remedy of the injured—the remedy of instituting and maintaining an action for the collection of the damages.

The court further stated, at page 230:

"Our courts have held that the purpose of such notice as required by this and the later notice statutes, was to inform the city officials with reasonable certainty of the time, place, cause and nature of the accident and the general nature and extent of the injuries so that the city might investigate all the facts pertaining to its liability and prepare its defense, or adjust the claim. *Gary* v. *McNulty* (1935), 99 Ind. App. 641, 194 N. E. 193; *City of Gary* v. *Wilson* (1937), 103 Ind. App. 376, 8 N. E. (2d) 109; *City of Indianapolis* v. *Willis, Administrator* (1935), 208 Ind. 607, 194 N. E. 343. Since this statute, instead of giving a statutory right, is a statutory limitation on the remedy, it is in derogation of the common law and should be strictly construed."

In *City of Gary* v. *Russell* (1953), 123 Ind. App. 609, 614, 112 N. E. 2d 872, it is stated:

". . . The object of our statute is to afford municipal authorities an opportunity to investigate the facts concerning an accident allegedly caused by the negligence of such municipality and its officers while such evidence is available. McQuillin, Municipal Corporations, 2d Edition, Vol. 6, Ch. 53, §2895, and cases therein cited."

Returning again to the *City of Indianapolis* v. *Evans, supra,* the case that the trial court herein relies upon for its action, we find this language, at page 561:

"The sufficiency of this notice is presented by a demurrer to the complaint.

"Several cases have been cited by appellant in which the sufficiency of the notice given in actions against municipalities have been questioned. . . . One of the cases cited . . . *Beverage* v. *Rochfort* (1909), 106 Me. 223. . . .

"The court in discussing the question quotes from *Marcotte* v. *Lewiston*, 94 Me. 233 as follows: ". . . the manifest purpose of this requirement of fourteen days' notice 'is to afford opportunity to the town officers to examine the place, ascertain from persons having knowledge of the facts, while the recollection is fresh, all the attending circumstances, and determine as to the liability of the town, and prepare its defense, if the town decides to defend.' "

. . .

" 'In view of the limited time within which these notices must be served and the fact that they are often necessarily prepared without the aid of a professional draftsman, their construction should not be 'strangled by technicalities nor distorted by captious criticism,' but full effect should be given to their natural and obvious meaning.' "

The purpose of the statutory notice to cities has been defined in Words and Phrases, *Notice*, Vol. 28A, p. 496—499, as follows:

"The purpose of statute requiring 'notice' to the city before bringing suit for injury or death is to enable the municipalities to investigate and determine the merits of the claim. Code 1940, Tit. 37, §504. *Smith* v. *City of Birmingham*, 9 So. 2d 299, 302, 243 Ala. 124."

"Under statute requiring notice to city of injury caused by defective street, if notice directs attention of officers of municipality with reasonable certainty as to place of accident, requirements of the 'notice' have been met. Burns' Ann. St. §48-8001. *Volk* v. *Michigan City*, 32 N. E. 2d 724 726, 109 Ind. App. 70."

"Only such substantial compliance with Laws 1899,

p. 74, requiring notice to be given to municipal corporations of claims for damages against them, stating the time, place, and extent of such injury as near as practicable, and the negligence which caused it, as will enable the municipality to fully investigate the claim, and determine whether it prefers to adjust it without suit, or to contest its validity, is necessary. The form of notice required to be given to a municipality of a claim for damages against it under Laws 1899, p. 74, requiring such notice to state the time, place, and extent of the injury as near as practicable, and the negligence which caused it, is not amendable to the strict rules of pleading; and a claimant is not required to do more than state definitely and specifically all the facts upon which he bases his claim, so as to enable the municipality to promptly investigate the merits thereof. *Kennedy* v. *City of Savannah*, 68 S. E. 652, 8 Ga. App. 98."

As to the trial court's statement that appellants did not *prove* that notice was given, we quote Webster's Unabridged Dictionary: "Proof: All the facts and admissions which together operate to determine a verdict or judgment."

Proof, as defined in Words and Phrases, *Proof*, Vol. 34, pp. 578-579:

" 'Proof' is merely that quantity of evidence which produces a reasonable assurance of the existence of the ultimate fact. *Missouri, K. & T. Trust Co.* v. *McLachlan*, 61 N. W. 560, 562, 59 Minn. 468.

"Generally, any fact or circumstance which leads [the] mind to affirmative or negative of any proposition constitutes 'proof.' " *Levine* v. *New York Life Ins. Co.*, 280 N. Y. S. 468, 155 Misc. 806.

"Proof is that degree and quality of evidence that produces conviction. Whenever all the evidence is of such a character as to convince an intelligent and conscientious man of a fact, then that fact is proved. *Nevling* v. *Commonwealth*, 98 Pa. 322, 328.

"In general, any fact or circumstance which leads

the mind to the affirmative or negative of any proposition constitutes 'proof.' *Nauful* v. *National Loan & Exchange Bank of Columbia,* 97 S. E. 843, 845, 111 S. C. 309.

"What circumstances will amount to 'proof' cannot be a matter of general definition; the legal test being the sufficiency of the evidence to satisfy the understanding and conscience of the jury. *Clark* v. *Koeppel,* 104 N. Y. S. 65, 67, 119 App. Div. 458, quoting Starkie, Ev. p. 865."

In view of the foregoing authorities on the question of notice and in view of the fact that the testimony of the plaintiff, the mayor of the City and the Captain of Police, proved that notice was given, we hold that the jury had abundant knowledge that notice had been given to the City. The complaint pleaded notice, the notice was filed as an exhibit to the complaint and the court ordered the notice made a part of the record.

For the trial court to hold that no proof of notice was made in this case was erroneous and was not supported by the evidence.

If there had been no evidence before the court and jury concerning the notice, the position of the court might be sustained, but in the face of the testimony and the action taken by the city officials, we must conclude that the purpose of the notice and the intent of the statute had been complied with. The procedural requirement of notice had been accomplished. The jury considered evidence as to the giving of notice. For the court to say that notice was not given here would be to reach a conclusion that reasonable minds or reasonable men would not reach and was, therefore, contrary to law.

The trial court also gave the following reason for the granting of a new trial:

"2. Instruction No. 29 and Instruction No. 36 submitted to the court by the parties herein as well

as the instruction on the liability insurance policy introduced into evidence are inconsistent with each other."

The court gave Instruction No. 13 which was an instruction concerning liability insurance. This instruction in effect told the jury that the city's policy of insurance was admitted to show a limit of liability. Instruction No. 29 said in substance that a verdict for the plaintiff could not exceed the amount prayed for in the complaint.

Instruction No. 36 is simply an instruction on the form of the verdict to be returned. It does not give a direction to the jury to return a verdict in any certain amount. This does not seem essential to a determination of the issues involved. In brief, the appellee is saying that the *ad damnum* of the complaint should not be referred to when there is a policy of insurance involved wherein the limit of liability is less than the *ad damnum*.

In effect Instructions 29 and 13 said that the award could not be more than the amount asked for in the complaint, but since the defendant had placed the liability policy in evidence, the award could not exceed the policy limits.

We point out that in Preliminary Instruction No. 2 of the court, which recited the allegations of the complaint, the *ad damnum* clause was referred to and no objections were raised. Also, reference was made in the questioning of witnesses to the *ad damnum* of the complaint.

It is clear that the jury was informed by the questioning and by the reading of the complaint that the plaintiff was requesting the amount asked for in the complaint. It also is clear that the jury was in-

structed that their verdict could not exceed the policy limitations.

It may be conceded that there is some conflict in the two instructions, but we must conclude that *conflict* does not necessarily mean *misleading*.

It is not error to instruct a jury that if they find for the plaintiff they should assess their damages in any amount they deem proper, and in another instruction, the jury was expressly limited to the evidence in the case. *Town of Sellersburg* v. *Ford* (1906), 39 Ind. App. 94, 79 N. E. 220; *Indianapolis, etc. Traction Co.* v. *Henderson* (1906), 39 Ind. App. 324, 79 N. E. 539.

A failure to request a more specific instruction upon the measure of damages precludes any complaint as to the one given. *W. J. Holliday & Co.* v. *Highland Iron, etc., Co.* (1909), 43 Ind. App. 342, 87 N. E. 249; *Chicago, etc. R. Co.* v. *Hamerick* (1912), 50 Ind. App. 425, 96 N. E. 649.

A direction as to the form of verdict is not an instruction within the meaning of the statute. *Indianapolis, etc., Traction Co.* v. *Henderson, supra;* Lowe's Rev., Works' Ind. Pract. Vol. 3, §55.4, p. 432.

Since the verdict of the jury was for $18,000.00 and the limit of liability in the insurance policy was $25,000.00, it is clear the jury did understand that the limits of the policy controlled.

We therefore hold that the instructions could not be held to be irreconcilable or misleading nor prejudicial to the appellee. We see no proper grounds for the granting of a new trial based upon the giving of the above instructions.

We return this cause to the trial court with in-

structions to overrule the motion for a new trial and reinstate the judgment previously rendered.

Carson, J., concurs, Faulconer, J., concurs in result.

NOTE.—Reported in 209 N. E. 2d 769.